THE TOWN OF GREEN ISLAND, Appellant, *v.* AARON P. WILLIAMS, Respondent.

*Complaint stating a cause of action on contract and also alleging a conversion — a recovery under proof sustaining the former, and not the latter, will be sustained.*

Where a complaint, containing a statement of facts constituting a cause of action on contract, is sustained by proof of such facts upon the trial, a recovery upon contract is authorized although the complaint is in form for conversion.

Where a complaint sets forth a cause of action *ex contractu*, an allegation therein of an incorrect legal conclusion having the aspect of a tort does not change the nature of the action.

APPEAL by the plaintiff, The Town of Green Island, from a judgment of the County Court of Albany county in favor of the defend-

ant, entered in the office of the clerk of the county of Albany on the 20th day of June, 1902, upon an order of said court bearing date the 21st day of April, 1902, reversing a judgment of a justice of the peace of the town of Green Island in favor of the plaintiff, entered on the 21st day of February, 1902, and also from said order upon which such judgment of the County Court was entered.

This action was brought before a justice of the peace of said town of Green Island. The following is a copy of the plaintiff's complaint:

"The plaintiff, by Carrell Coon, its supervisor, complains of the defendant, and for a cause of action alleges:

"I. That it is a municipal corporation duly incorporated under and by virtue of Chapter 811 of the Laws of 1896 of the State of New York, and is a political division and town of the county of Albany, and has been such at all times hereinafter mentioned.

"II. That the said Aaron P. Williams from and after the 1st day of January, 1897, and up to and including the 31st day of December, 1901, was one of the justices of the peace of said town, having criminal jurisdiction in said town and having power to impose fines upon persons convicted of crimes and misdemeanors within his jurisdiction.

"III. That by section 726 of the Code of Criminal Procedure said Justice was required to pay the Supervisor of said Town of Green Island any and all fines received by him as such Justice within thirty days after the receipt of same, and that, upon his failure to do so, such fines could be recovered by the supervisor of the said town in an action to be brought by him in the name of his town.

"IV. That said defendant has failed to pay over to said town fines imposed by him amounting to $25.00 as plaintiff is informed and believes, *and wrongfully and unlawfully has converted same to his own use and benefit and wrongfully and unlawfully withholds same from the plaintiff and the officer representing said town, to whom same should be paid for the said plaintiff.*

"V. That said Carrell Coon is the supervisor of said town and under the law is entitled to receive said fines in behalf thereof, and that same has not been paid over nor any part thereof.

"Wherefore plaintiff demands judgment against said defendant for the sum of $25.00 besides the costs of this action."

After issue was joined, counsel for the plaintiff moved to amend the complaint by changing the amount of twenty-five dollars to thirty-nine dollars and by withdrawing the allegations of conversion. The defendant objected to the complaint being amended by withdrawing the allegations of conversion, whereupon that part of the motion was withdrawn. The complaint seems to have been deemed amended as to the amount. A jury was impaneled, and on the trial the facts stated in the 1st, 2d, 3d and 5th paragraphs of the complaint, together with the fact that defendant had failed to pay over to said town fines imposed by him amounting to thirty-nine dollars, were satisfactorily established. The jury rendered a verdict against the defendant for thirty-nine dollars, and judgment was thereupon entered in favor of the plaintiff for that amount, with costs. An appeal was taken by the defendant to the County Court, which reversed the judgment of the Justice's Court. This appeal is taken from said judgment of reversal.

*William F. Hickey,* for the appellant.

*Aaron P. Williams,* respondent, in person.

CHASE, J.:

By section 726 of the Code of Criminal Procedure it is provided : "If a fine imposed be paid before commitment it must be received by the court, and within thirty days after its receipt paid by such court to the supervisor of the town in and for which such court is held."

By section 728 of said Code it is further provided : " If the court * * * receiving the fine fail to pay to the supervisor as provided in the last two sections, such supervisor must immediately commence an action therefor against * * * the magistrate or magistrates composing the court in the name of his town."

The defendant, while a justice of the peace of the town of Green Island, received thirty-nine dollars from fines imposed by him, which he failed to pay to the supervisor within thirty days after its receipt, as provided by the section first quoted. The defendant was clearly liable to the plaintiff for money had and received.

The question for determination on this appeal is whether under

the complaint in this action the jury was justified in finding a verdict for the plaintiff.

The complaint sets forth facts constituting a good cause of action for money had and received.   That part of the complaint quoted in italics is independent of the other allegations and could be wholly omitted without affecting its other provisions.   Where a complaint contains a statement of facts constituting a cause of action on contract, sustained by proof of such facts, upon the trial a recovery is authorized, although the complaint is in form for conversion. (*Conaughty* v. *Nichols*, 42 N. Y. 83.)

Where a complaint sets forth a cause of action *ex contractu*, an allegation therein of an incorrect legal conclusion having the aspect of a tort does not change the nature of the action.   (*Greentree* v. *Rosenstock*, 61 N. Y. 583.)   These cases have been frequently cited with approval.   It follows, therefore, that the judgment of the Justice's Court upon the undisputed facts in the case for the amount of the fines received to the use of the plaintiff, was right, and should have been affirmed by the County Court.

We have examined the other objections urged by the defendant, but do not think that they should defeat a recovery by the plaintiff.

The judgment of the County Court should be reversed and that of the Justice's Court affirmed, with costs in this court and in the County Court to the appellant.

All concurred.

Judgment of the County Court reversed and that of the Justice's Court affirmed, with costs in this court and in the County Court to the appellant.