AMANDA SMITH *v.* SAMUEL H. KIRKLAND.

[42 South. Rep., 285.]

DEEDS OF TRUST. *Foreclosures. Trustee's sales. Notices. Presumptions.*

A trustee's sale of land is presumed to have been made upon due notice as required by the trust deed; but if the party holding under such a sale abandons the presumption, and offers evidence on the subject, he cannot recall the presumption to supply defects in his proofs.

FROM the chancery court of Scott county.

HON. JAMES L. McCASKILL, Chancellor.

Mrs. Smith, the appellant, was complainant in the court below; Kirkland, the appellee, was defendant there. From a decree in defendant's favor the complainant appealed to the supreme court.

The object of the suit was to cancel defendant's claim of title to the land in controversy. Defendant held the land under a trustee's deed made in pursuance of a sale foreclosing a deed of trust; the trustee's deed recited that the notices provided for in the trust deed had been duly given.

Complainant, who claimed by inheritance from the grantor in the deed of trust, did not offer evidence controverting the

recital of the trustee's deed on the subject .of notice, but the defendant offered testimony on that subject and failed to prove that the notices were duly posted, as required by the deed of trust, at three public places in the county; in fact, the testimony tended to show that only one notice of the sale was posted.

*Watkins & Watkins,* and *Robert B. Ricketts,* for appellant.

*O. R. Singleton,* and *McWillie & Thompson,* for appellee.

WHITFIELD, C. J., delivered the opinion of the court.

If appellees had relied in the court below on the legal presumption arising from the execution of the trustee's deed that notice had been properly posted, the case might possibly be affirmed. But appellee, not choosing to do this, introduced testimony for the purpose of showing that the notices had been duly posted according to the provisions in the trust instrument, which testimony clearly proves the contrary—that they had not been so posted. We have, therefore, a case in which the presumption is out of the way, and the decision must turn on the evidence; and on the evidence there is a failure to show proper posting of the notices.