(117 App. Div. 349)

### CONNOR v. PHILO.

(Supreme Court, Appellate Division, Third Department. January 18, 1907.)

1. PLEADING—MATTERS TO BE PROVED—SURPLUSAGE.

Where a complaint contains a statement of facts constituting a cause of action on a contract, which is sustained by proof, the plaintiff is entitled to recover, though the complaint also contains allegations of a tort, in respect to which there is a complete failure to prove a cause of action.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 1224.]

2. JUSTICES OF THE PEACE—PROCEDURE IN CIVIL CASES—ARREST AND BAIL.

Under the direct provisions of Code Civ. Proc. § 3347, subds. 4, 5, the provisions of Code Civ. Proc. § 549, subd. 4, that a defendant may be arrested in an action on contract where it is alleged in the complaint that he was guilty of a fraud in contracting the liability, but that plaintiff cannot recover unless he proves the fraud, do not relate or apply to actions in a Justice's Court.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 31, Justices of the Peace, § 279.]

Appeal from Washington County Court.

Action by John Connor against Edgar W. Philo to recover for services rendered. On the trial in the Justice's Court the plaintiff recovered a judgment for the amount claimed. On appeal to the County Court this judgment was reversed, and from the judgment of reversal the plaintiff appealed. Judgment of the County Court reversed, and that of the Justice's Court affirmed.

The allegations of the complaint are as follows:

"First. That the plaintiff was employed by the defendant and rendered services for said defendant from the 30th day of September, 1901, to the 1st day of May, 1902, at the agreed compensation of $1.25 per day, and that the defendant is justly indebted to said plaintiff in the sum of $174.89 remaining unpaid and due to said plaintiff for said services, together with interest thereon at 3 per cent., amounting to $195.89 in all.

"Second. That during the time above mentioned defendant was under contract with the Salem Electric Light & Power Company, by the terms of which contract said defendant was to operate and to pay for the labor employed in the operation of the plant of said company, located at East Greenwich, N. Y., and was to receive as compensation and pay for said labor from the proceeds of the commercial or private lighting done by said company in the village of Salem, N. Y.; that the labor of plaintiff above described was performed for defendant upon the plant of said company, and in the operation of said plant.

"Third. That said defendant did receive the proceeds of said private or commercial lighting above mentioned as compensation for his services and for the payment of the services rendered by plaintiff to defendant as herein set forth, and that defendant has refused and neglected, upon plaintiff's demand, to pay plaintiff from the funds so received for the payment of said plaintiff, and has, being then in the possession of said funds for that purpose, wrongfully and unlawfully converted and disposed of said funds to his own use; that by reason of said wrongful acts of defendant the plaintiff has sustained damage in the sum of $195.89.

"Wherefore plaintiff demands judgment against said defendant in the sum of $195.89, together with the costs of this action."

On the trial in the Justice's Court the plaintiff recovered a judgment for the amount claimed. On appeal to the County Court this judgment was reversed, and from such judgment of reversal the plaintiff has appealed.

Argued before SMITH, CHESTER, COCHRANE, and KELLOGG, JJ.

Erskine C. Rogers, for appellant.

Robert N. Wilson, for respondent.

CHESTER, J. The County Court was of the opinion that the trial in the Justice's Court had proceeded on the theory that the action was one for conversion, and not upon a contract. If that supposition was correct, the reversal was right, as no cause of action in tort was proven. But we are unable to see from this record that the action was tried solely as one for conversion. The complaint in the first paragraph states a complete cause of action upon contract. This cause of action was supported by sufficient proof upon the trial. It is true that in the other paragraphs of the complaint an attempt is made to state a cause of action in tort, and some proof upon the trial was given tending to support such a cause of action, but much proof that was apparently offered on that phase of the case was excluded by the justice, and there was a complete failure to prove a cause of action in tort. The action, therefore, appears to be clearly within that class of authorities which hold that, where a complaint contains a statement of facts constituting a cause of action upon a contract which is sustained by proof, a recovery is authorized, although the complaint also contains allegations of a tort. Fowler v. Abrams, 3 E. D. Smith, 1; Conaughty v. Nichols, 42 N. Y. 83; Cohn v. Beckhardt, 63 Hun, 333, 18 N. Y. Supp. 84; Dodge v. Eckert, 71 Hun, 257, 24 N. Y. Supp. 1074; Town of Green Island, v. Williams, 79 App. Div. 266, 79 N. Y. Supp. 791; Booth v. Englert, 105 App. Div. 284, 94 N. Y. Supp. 700. The allegations of tort in such cases are regarded as surplusage. There having been the allegation and proof of a complete cause of action upon contract, entirely separate and distinct from the attempt to allege and prove a cause of action in tort, we think the judgment rendered by the justice was authorized and should not have been disturbed.

The provision of subdivision 4 of section 549 of the Code of Civil Procedure, cited by the respondent, has no bearing on the question, as that relates only to actions in the Supreme Court, the City Court of the City of New York, or a County Court (Code Civ. Proc. § 3347, subds. 4, 5), and the trial here was in a Justice's Court.

The judgment of the County Court should be reversed, and that of the Justice's Court affirmed, with costs in this court and in the County Court to the appellant. All concur.