## SPANN *v.* ALABAMA & V. R. Co.

[74 South. 141, Division A.]

CARRIERS. *Damage to freight. Burden of proof. Cause of injury.*

Where a piano was shipped under a bill of lading which exempted the carrier from liability for damage only if it was caused by the act of God, the public enemy, quarantine the authority of

law, or act or default of the shipper and it was shown to be in good condition when delivered to the carrier, and injured when delivered by the carrier at its destination. In such case the carrier is liable unless it shows that the injury did not occur while in its possession or that it occurred from one of the excepted causes and it was erroneous to instruct the jury to find for the defendant if they could not say from the evidence what was the cause of the injury, the burden of proof being upon the carrier.

APPEAL from the circuit court of Rankin county.

HON. J. D. CARR, Judge.

Suit by Hal Spann against the Alabama & Vicksburg Railroad Company. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Stingily & McIntyre,* for appellant.

Appellee's theory seems to be that, notwithstanding the piano was shown to have been delivered to the carrier in actual good order, the carrier is relieved from the burden of insurer by its showing that certain things did not happen, so far as its employees knew, to the piano while in transit.

Being an insurer, a carrier cannot absolve itself from liability as such by showing even that it was wholly free from negligence.

It is true that, in some cases, if the carrier could show that it was wholly free from negligence, a presumption might arise that the injury arose by reason of some inherent defect in the thing shipped or by reason of the fault of the shipper, under modern development of the rule. However, as has always been the law, the burden is on the defendant to show that it was the fault of the shipper.

Neither of the carrier's agents who handled the shipment were able to testify that nothing happened to the shipment while in his care. On the other hand, any number of things might have happened so far as this record shows, so that, in this case, no fault is shown in the ship-

per and whether or not it is shown how the injury was done, the carrier is liable as an insurer. More than that, the shipper actually showed by undisputed testimony that the goods were delivered to the carrier in actual, not apparent good order, so that, under the rule, the carrier is liable, whether negligent or not.

It was the duty of the carrier to prove that this cause was within the exception to the rule, and that the injury was caused by improper packing. Conjectures will not serve the purpose. 5 Thomp., Neg., 899, sec. 6465.

Counsel for appellee inadvertently state that the piano was receipted for by appellant's agent in good condition. There is this notation on that receipt ''Piano badly defaced as from heat or some kind of acid not detected until opened.'' Signed ''O. K.'' March 18, 1914.'' This notation was placed on this receipt by the Company's agent. Record, page 47, Exhibit A. to Ollie Knight's testimony.

We submit that if the authorities cited in our brief state the law, and appellee does not question that they do, the judgment should be for the plaintiff in the sum sued for, under the evidence in this case.

*R. H. & J. H. Thompson* and *Fulton Thompson,* for appellee.

The case was one emphatically for the determination of the jury, without the aid of any legal presumption whatever. The contention of opposite counsel that the defendant was an insurer of the goods and of their safety and protection from damages, doesn't meet the case, because there was not sufficient proof of the condition of the boxed-up piano when it was received by the railway company, and there was proof that the piano was so improperly wrapped as to cause injury. The box was in good condition and the railway company's agents and servants never saw the instrument itself. There is no greater presumption that the piano was in the same con-

dition when it reached the depot in Meridian that it was in at the time it left Mrs. Lockwood's residence than there is that the piano was in the same condition when it reached Pelahatchie that it was in when delivered to the railway company. The law no more presumes damages to the piano without proof while in the hands of the railway company than it presumes damages while in the hands of a drayman at Meridian or Pelahatchie.

The testimony about the improper packing and wrapping of the piano was for the consideration of the jury. The jury saw the witnesses and judged of their credibility and passed on the question of defendant's liability under the testimony in the case and found that the railway company was blameless, and this surely ought to be, and will be, the end of the controversy, unless the court below erred prejudicially to plaintiff.

The instructions given for the plaintiff in this case were exceedingly liberal; too much so. The jury were told that the plaintiff did not have to show exactly how, where, or when the injury occurred, but when shown that the piano was delivered to the defendant in good condition and by defendant delivered to the plaintiff in bad condition, a presumption arose that the defendant caused the injury; and further that the defendant was an insurer except as against the acts of God and of a "foreign enemy." These instructions for plaintiff ignored the real question in the case, whether the improper packing damaged the piano.

The first instruction for the defendant simply informed the jury that if they could not say from the evidence that the defendant caused the injury, their verdict should be for the defendant. If the jury were unable to say from the evidence that the railway company caused the injury complained of no other verdict was warranted than one for the defendant.

The second instruction for the plaintiff is likewise unobjectionable and so was the third one. The fourth one went to the real crux of the case. That is to say, it inform-

ed the jury that if they believed the injury to the piano was caused by improper packing of the instrument, they should find for the defendant.

Appellant's counsel are particularly hypercritical touching the last instruction given for the plaintiff to the effect that unless the jury could say on their oaths from the evidence that the injury occurred while the piano was in the hands of the defendant, they should find for the defendant. The expression of which counsel complain is one quite frequently used in instructions. The oaths referred to therein are the oaths taken by the jurors when empaneled and did not relate to a supposed oath to be administered in which the jurors would be required to swear as of their own knowledge that the piano was not injured while in possession of the defendant.

The instruction asked by the plaintiff and refused was properly refused, because it peremptorily took from the jury the real question in the case, whether the damage to the piano was caused by improper packing.

It is respectfully submitted that the judgment of the court below should be affirmed.

SYKES, J., delivered the opinion of the court.

Suit was originally filed in a justice of the peace court in Rankin county by Hal Spann, the appellant here, against the Alabama & Vicksburg Railroad Company for damages to a piano shipped from Meridian, Miss., to Pelahatchie, Miss. Plaintiff obtained judgment in the justice of the peace court, and the defendant appealed to the circuit court. The trial in the circuit court resulted in a verdict for the defendant upon which judgment was entered, and from which judgment this appeal is prosecuted.

The testimony of the plaintiff in the court below showed that the piano was wrapped in a clean, dry sheet, packed in a piano box, and delivered to the agent of the railroad company at Meridian in good condition; that,

about four days thereafter, the piano was properly hauled from the depot at Pelahatchie to the residence of the plaintiff, and when the piano box was opened and the piano taken out it was found that the wood on the front of the piano had become very badly blistered. The attention of the agent of defendant company at Pelahatchie was immediately called to the condition of the piano. In short, the testimony for the plaintiff shows that the piano was properly packed and delivered to the railroad company in good condition, and that it was in a damaged condition when received by plaintiff at Pelahatchie. The employees of the railroad company who testified in the case had no positive knowledge of the handling of the piano, but testified that from their records the piano was properly loaded at Meridian, placed in a suitable car which contained no freight that would cause injury to the piano, and was transported under seal from Meridian to Pelahatchie. It was neither hot nor cold and did not rain while the piano was in the hands of the railroad company. The railroad company also attempted to prove that the piano was improperly packed; that it should have been wrapped in paper instead of a sheet. Section 1 of the bill of lading under which the piano was shipped, among other things, provides that:

"No carrier or party in possession of any of the property herein described shall be liable for any loss thereof or damage thereto or delay caused by the act of God, the public enemy, quarantine, the authority of law or the act or default of the shipper or owner," etc.

The lower court submitted the question of liability to the jury.

At the request of the defendant railroad company, the four instructions herein copied were given:

"If the jury cannot say from the evidence that the defendant caused the injury, it is the duty of the jury to find for defendant, and the court so instructs; and if the jury find for defendant their verdict may be in the following form: 'We, the jury, find for defendant.'

"The court instructs the jury for defendant that, unless they believe from the evidence that the platintiff has shown the defendant injured the piano, the jury should find for the defendant.

"If the jury believes from the evidence that the cause of the injury is not known and has not been shown and that the piano was carefully and safely handled and transported by defendant, the jury should find for defendant.

"The court instructs the jury for defendant that, unless they can say on their oaths from the evidence that the injury occurred while the piano was in the hands of defendant, the jury should find for defendant."

The giving of all four of these instructions was error. When the plaintiff proved that the piano was in good condition when delivered to the defendant and was by the defendant delivered to it in bad condition, then it devolved upon the defendant to show that the damage to the piano did not occur while the piano was in its possession, or that, if it did so occur, then the damage was caused "by the act of God, the public enemy, quarantine, the authority of law, or an act or default of the shipper or owner." The carrier attempted to prove that the damage was caused by the act of the shipper in improperly packing the piano. The burden of proof in this case to prove one of the above excepted causes rested upon the defendant.

"Proof of the delivery of the goods to the carrier in good order and their loss or injury makes it a *prima facie* case for the owner of the goods within this rule." 6 Thompson on Negligence, section 7709.

"We think the better reason and policy and the greater number of cases adjudged favor the rule to require the carrier which delivers goods damaged, and which are shown to have started on their journey over connecting lines of transportation in good condition, to exculpate itself from liability by showing that the injury did not occur by its default." *M. & O. R. R. Co.* v. *Tupelo Fur-*

*niture Mfg. Co.,* 67 Miss. 35, 7 So. 279, 19 Am. St. Rep. 262.

"The burden was upon the defendant to show that the loss occurred without fault on its part, and this burden defendant failed to meet." *Southern Express Co.* v. *Seide,* 67 Miss. 609, 7 So. 547.

The rules above cited are where the bills of lading or express receipts provided that the carriers were only liable when the goods were damaged on account or negligence. In the bill of lading in the instant case, however, the carrier is an insurer of the property and would for this reason have to show that the damage to the piano was due to one of the excepted causes contained in its bill of lading above set out.

<div align="right">

*Reversed and remanded.*