### SOUTHEASTERN EXPRESS CO. *v.* NAMIE.

In Banc. May 23, 1938. Suggestion of Error Overruled June 20, 1938.)

[181 So. 515. No. 33068.]

Heidelberg & Roberts, of Hattiesburg, for appellant.

Hall & Hall, of Columbia, for appellee.

**Griffith, J.,** delivered the opinion of the court.

On January 13, 1937, appellee delivered to appellant, at Lumberton, in this State, a shipment consisting of a

total of 1,031 skunk pelts or furs, same to be delivered for appellee's account to a named consignee, in St. Louis, Missouri. It was alleged and proved that said goods were properly packed and in good condition when delivered to appellant, and it is undisputed that when delivered by appellant to the consignee, 848 of said pelts were so badly damaged as to be entirely worthless.

The liability of a common carrier of inanimate freight or express is practically that of an insurer against loss, injury, or damage except as to loss or injury caused by the act of God, or by the public authorities or the public enemy, or by the inherent nature or quality of the goods or by the act or default of the owner or shipper himself. And as to the stated exceptions, the burden of pleading and proof is on the carrier. 9 Am. Jur. pages 813-818, 847; 10 C. J., p. 109 et seq.; 1 Michie Carriers, section 989; Yazoo & M. V. Railroad R. Co. v. Craig, 118 Miss. 299, 315, 79 So. 102; Spann v. Alabama & V. Railroad Co., 113 Miss. 239, 74 So. 141.

It follows that in an action for loss or injury to a shipment of inanimate freight or express, it is not necessary for plaintiff to allege or prove negligence on the part of the carrier. Nevertheless, appellee in the case here before us specifically charged the appellant with negligence, and particularly that appellant "negligently caused said furs to be placed upon and in close proximity to the hot steam pipes which supplied heat in the said (express) car or cars and negligently permitted the said furs to remain in that situation and exposed to a high degree of heat for a period of several hours," as a result of which, appellee averred, the loss and damage occurred.

On the trial appellee failed to prove the specific negligence charged; and now appellant insists, as its chief contention, that it was entitled to the peremptory charge requested by it, the argument by appellant being, in effect, that appellee having gaged his legal battle on

the issue of negligence, as the gist of his cause of action, and having failed to sustain that issue, appellant is entitled to the award of a verdict. The contention, upon first approach, is liable to be considered plausible, and we think it merits more than a cursory discussion.

The rule is fundamental, of course, that when a plaintiff has alleged and proved the facts essential to a recovery, he is entitled to judgment. It follows that it is unnecessary to allege or prove more, and that if more than enough be alleged, the unnecessary allegations will be treated as surplusage. It follows further that an unsuccessful attempt to prove the surplus allegations will not defeat the plaintiff; for having alleged and proved enough he is not to lose his case merely because he alleged but failed to prove more than enough. Under our statutes abolishing forms of action and requiring that merits only shall be considered, section 521, Code 1930, the rule goes so far that a recovery may be had in contract, if the allegations and proof support such a right, although the declaration sounded in tort. See Connor v. Philo, 117 App. Div. 349, 102 N. Y. S. 427. And see particularly Mississippi Power & Light Co. v. Pitts, Miss., 179 So. 363.

Sufficient of the authorities on this point are grouped in the notes 49 C. J., pp. 787, 788. It will be observed that it is stated in that text that ''unnecessary allegations which are relevant to, and enter into, the foundation of a cause of action or defense must be proved, if put in issue.'' Here it is that the confusion has arisen whereby the bald but erroneous statement is sometimes found that a plaintiff must prove every principal fact which he has alleged, else he shall not recover, and even though otherwise some of such facts were not necessary to the maintenance of the cause of action.

There are many cases where when certain leading or basic facts are alleged and proved, certain other facts are thereby presumed to exist. When the plaintiff has

alleged and proved the said leading or basic facts, it is not necessary for him to allege or prove the presumed facts, although their existence is necessary to his case. But if instead of relying upon the presumption, he allege the facts which would otherwise be presumed and upon attempting to prove them fails to do so, he cannot recover,—for these facts were necessary to his case; he abandoned the presumption and failed to make the proof in the place thereof.

An illustration of this may be found in Smith v. Kirkland, 89 Miss. 647, 42 So. 285. A trustee's sale of land is presumed to have been made upon due notice, as required by the trust deed. A party relying upon a title obtained through such a sale need not allege or prove notice; but if he abandon the presumption and attempt to prove due notice and fail therein, he cannot prevail, for due notice of sale was and is essential to the validity of his title. If, however, in such a case the party had alleged and attempted to prove that a large concourse of people were present at the sale and that the bidding was spirited, his failure in the attempt to make that proof would not defeat him of his title because the existence of such alleged facts was not necessary to the validity of the sale.

Thus, to summarize it as briefly as may be, the rule is: Facts not essential to plaintiff's case need not be alleged or proved; but if alleged and the proof thereof fail, this still will not affect his right of recovery. Facts essential to plaintiff's case when alleged and attempted to be proved must be proved, although otherwise it would have been unnecessary either to allege or to prove them. So here, when plaintiff proved that he delivered the goods to the carrier properly packed and in good condition, and they were delivered by the carrier to the consignee in a worthless or damaged condition, he has proved enough so far as the issue of liability is concerned, and it is immaterial that he failed to prove the unnecessary allegation of negligence.

Appellant defended further upon the ground that the loss or damage was caused by vices inherent in the nature or quality of the goods and present therein when delivered to appellant. In about four hours after the delivery of the shipment to appellant, it was discovered that maggots were present in the sacks containing the furs, and after about nine or ten hours, these maggots had appeared in large numbers. On the delivery the next morning at St. Louis the shipment was filled with them. As against this fact, however, a number of witnesses who were experienced by trade or occupation in the handling of furs testified that maggots do not damage furs. Two witnesses asserted to the contrary, but the preponderance of the testimony was to the effect first aforesaid; and whatever might be our personal opinions as to whether this testimony is entirely reasonable, it is not of a matter of common knowledge, or common observation, or common experience which would enable us to pronounce it inherently incredible, and we must accept, therefore, the preponderant testimony of these witnesses, the jury having believed them and acted on their said testimony.

The proof having failed to show that the damage was done by exposure to steam pipes, and having failed to show that it was caused by vermin, and nothing else amounting to more than conjecture having been suggested, the result is that it cannot be dependably told from the transcript how it happened, with the further result that as one of the risks of its business, appellant must pay for the damage, which we find upon a careful examination of the record to have been sufficiently proved as to amount.

All the other assignments have been examined, and we find no reversible error in them.

Affirmed.

**McGehee** and **Anderson, JJ.**, disqualified, take no part.