ILLINOIS CENT. R. CO., INC., *v.* PAXTON.

(Division A.  Feb. 26, 1940.)

[193 So. 915.  No. 33990.]

M. S. McNeil, of Hazlehurst, and **Stevens & Stevens**, of Jackson, for appellant.

**W. S. Henley**, of Hazelhurst, for appellee.

862

Argued orally by **John Morgan Stevens** and **M. S. Mc-Neil**, for appellant, and by **W. S. Henley**, for appellee.

**Smith, C. J.,** delivered the opinion of the court.

The appellee delivered a carload of tomatoes to the appellant at Crystal Springs, Mississippi, for transportation to Philadelphia, Pennsylvania. When the tomatoes were delivered to the consignee, many of them were bruised and decayed, resulting in their being necessarily sold for considerably less than what they would have sold for had they been delivered to the consignee in the same condition they were when delivered to the

appellant at Crystal Springs, Mississippi. The appellee's evidence discloses that the tomatoes were inspected when delivered to the appellant, which inspection disclosed that the: "Stock is fairly clean to clean, fairly well formed to slightly misshapen, generally fairly smooth to smooth, firm, less than 1% decay. Grade defects range from 12% to 50%, averaging approximately 35%, consisting chiefly of growth cracks, side holes, worm damage, cuts, and misshapen tomatoes." According to the evidence for the appellee, the "growth cracks, side holes, worm damage (and) cuts" would not result of themselves alone in further damage to the tomatoes if transported and delivered within the usual time therefor, but, according to the evidence for the appellant, they would result in the tomatoes so affected becoming leaky and soft and cause other tomatoes to so become.

The tomatoes were packed in lugs, which were loaded into one of the appellant's cars and so placed and secured that the tomatoes would not mash or bruise in transit unless the position of the lugs should shift, which would not occur if the cars were properly handled. When the tomatoes arrived in Philadelphia, the lugs had "Shifted from A to B end of car 1 to 6 inches". This shifting of the lugs resulted in the bruising and mashing of many of the tomatoes, thereby contributing to the damage to the tomatoes, if any, that resulted from the defects therein when delivered to the appellant. The appellant admits damage for which it was responsible to twenty-three lugs of tomatoes and tendered payment therefor.

The court instructed the jury "to find for the plaintiff, and assess the damages at such amount as you may believe from the evidence plaintiff is entitled to recover". Also, by another instruction, "that in assessing his damages you may take into consideration the difference between the market value of the tomatoes on arrival at destination in a damaged condition, if you believe they were in a damaged condition, and the market value of

said tomatoes if the same had arrived in good sound condition.''

According to the evidence for the appellee, the defects of these tomatoes were not such as to affect their shipping quality. That, if properly handled, they would have reached their destination in the same condition in which they were delivered to the appellant. A common carrier must deliver inanimate goods accepted by it for transportation in as good condition as when received, unless damage thereto resulted from one of the causes, which, at common law, exempt the carrier from liability therefor, one of which causes is the inherent nature of the goods. In an action by a shipper against a carrier for damage to goods shipped, and the carrier's defense is that the damage resulted from the inherent nature of the goods, unless that fact and that negligence of the carrier did not contribute thereto appear in the shipper's evidence, the burden is on the carrier to prove that the damage resulted from the inherent nature of the goods without fault or negligence on its part contributing thereto. Southeastern Express Co. v. Namie, 182 Miss. 447, 181 So. 515; Yazoo & M. V. R. Co. v. Craig, 118 Miss. 299, 79 So. 102; Louisville N. O. T. Ry. Co. v. Bigger, 66 Miss. 319, 6 So. 234; Chicago, St. L. & N. O. R. Co. v. Abels, 60 Miss. 1017; Johnson v. Alabama & V. Ry. Co., 69 Miss. 191, 11 So. 104, 30 Am. St. Rep. 534; Yazoo & M. V. R. Co. v. Bell, 111 Miss. 82, 71 So. 272; Illinois Cent. R. Co. v. Mahon Live Stock Company, 111 Miss. 496, 71 So. 802; and Illinois Cent. R. Co. v. W. M. Atkinson & McDonald Company, 113 Miss. 678, 74 So. 616.

The condition of these tomatoes when shipped, as disclosed in the appellee's evidence, would have resulted, according to the appellant's evidence, in no damage thereto while in transit. The evidence for the appellant is to the contrary. But, the evidence further discloses that another cause, the shifting of the lugs in which the tomatoes were packed, contributed, if it did not solely

cause, the damage to the tomatoes. This fact cast on the appellant the burden of proving that the shifting of the lugs was not caused by its negligence, and, this burden, it wholly failed to meet, having introduced no evidence whatever as to the cause of the shifting of the lugs. But, it is said by counsel for the appellant that the burden of proving such negligence was on the appellee, for the reason that, in his declaration, the appellee alleged that the damage to the tomatoes was caused by "the negligence of the defendant railroad company and its connecting carriers in failing to transport said shipment with the proper degree of care and in handling said shipment in a rough and negligent manner." This allegation was unnecessary and may be treated as surplusage, the declaration having alleged the delivery of the goods to the appellant in good condition and the delivery by it to the consignee in a damaged condition. Southeastern Express Company v. Namie, 182 Miss. 447, 181 So. 515. The court below therefore committed no error in charging the jury to find for the appellee. The court, in addition to this instruction, granted and refused others setting forth the circumstances under which the appellant would be liable for the damage to the tomatoes. Whether any error appears therein or not is of no consequence, for the jury, obeyed, as its duty was, the instruction directing it to render a verdict for the appellee. The only error, if any, that appears in the instruction as to the measure of damages, is the use of its closing words: "If the same had arrived in good sound condition." The evidence of the appellee discloses that some of the tomatoes were not in good sound condition when delivered to the appellant; but the only evidence as to the value of the tomatoes when shipped was their value in their then condition, so the jury could not have been mislead by this instruction; and that the appellant was not prejudiced thereby is evidenced by the fact that the amount of their verdict is much less than

the difference between these two market values of the tomatoes.

Affirmed.