## Yazoo & M. V. R. Co. v. Smith.

(Division A.   May 20, 1940.)

[196 So. 230.   No. 34152.]

858

.Clinton **H. McKay** and **Lucius E. Burch, Jr.**, both of Memphis, Tenn., and **Hugh F. Causey** and **Dugas Shands**, both of Cleveland, for appellant.

**W. B. Alexander, Jr.,** and **A. B. Sparkman,** both of Cleveland, for appellee.

862

Argued orally by **Hugh F. Causey**, for appellant.

**Griffith, J.,** delivered the opinion of the court.

Appellee, a colored man, resided near a station on appellant's railroad, called O'Reilly. His wife and two young children had been on a visit to Greenville, and were returning on the afternoon northbound train on the day in question. Appellee decided to meet them at Shaw, a station about five miles south of O'Reilly, and to accompany them from Shaw to O'Reilly. He purchased a ticket at Shaw, and when the train arrived there he boarded it and went into the coach reserved for colored passengers. On reaching the seat occupied by his wife, it was discovered that one of the children, a boy about four years old, was missing, and appellee thereupon hastened to the front of the coach and down to the last step to look back upon the depot grounds to see if the child had got off there. By this time the train was in motion, and the train porter shouted twice to appellee to get off; and when the appellee failed to obey, the porter kicked appellee from the steps, causing him some injury, the extent of which, in view of the amount of the verdict, it is not necessary to review.

The above statement is taken from the version of the facts as given in evidence by appellee and his witnesses which by force of the verdict must be accepted here, although denied by evidence adduced by appellant.

Under the general obligation of a common carrier to exercise the highest degree of care to transport its passengers safely, the carrier is liable to a passenger for an assault made upon him, while a passenger, by any employee of the carrier whose ordinary duties are such as to bring him into contact with the passenger, 13 C. J. S., Carriers, Sec. 691, and, consequently, this applies to an

assault made by a train porter. St. Louis, I. M. & S. Ry. Co. v. Jackson, 118 Ark. 391, 177 S. W. 33, L. R. A. 1915E, 668. There are exceptions, as, for instance, where the passenger, without sufficient provocation, began the assault, but none of the exceptions are presented here.

Appellant says, however, that the theory upon which appellee tried the case below was that the assault was made by the porter while acting within the scope of his employment, and that having failed to prove, as appellant contends, that the act was one within the scope of the porter's employment, the theory for recovery cannot be switched to another on appeal. All that appellee had to prove was that he was a passenger, and that, without provocation, he was assaulted by the train porter at a time and place where the ordinary duties of the porter would bring him in contact with appellee as a passenger. This the appellee did, and it was not necessary for him to go further. A case parallel in principle is Southeastern Express Co. v. Namie, 182 Miss. 447, 181 So. 515.

Appellant complains that the verdict is contrary to the great weight of the evidence. We cannot say with entire confidence that this point is well taken, which we must be able to do before we may interfere with a verdict on the facts. The verdict was for $1500, and assuming that this was largely of punitive damages, the fact that appellant operates, and therefore was able to operate, several hundred miles of railroad was sufficient for a verdict no larger than that without the necessity of proving, in further particularity, the actual financial worth of appellant.

Affirmed.