GUISEPPE, et al. *v.* COZZANI, et al.

No. 41377          February 22, 1960          118 So. 2d 189

*Oscar P. LaBarre,* Vicksburg; *George Piazza,* New Orleans, La., for appellants.

*Vollor & Thames,* Vicksburg, for appellees.

McGehee, C. J.

In this case the complainants in the trial court were Giannini Guiseppe and others, all of whom are residents

of the Republic of Italy, who allege in an original bill to which a demurrer was sustained, and again in an amended bill of complaint to which a demurrer was also sustained, that they are the nephews and nieces or descendants of nephews and nieces, and descendants of a sister, Lucretia Toni, of Frank Toney, also known as Toni Francesco Giov. Battista, who is alleged to have been a resident citizen of Vicksburg, Warren County, Mississippi, at the time he executed his last will and testament on December 26, 1896 and at the time of his death on January 6, 1906.

The said will of Frank Toney, deceased, after making bequests of money in favor of Dominic Cozzani and his wife, Mary Cozzani in the sum of $125 each, declared that: ''I will and desire that the balance of my estate both real and personal shall go to my wife, Emma Toney, for life, and at her death, such of the same as has not been consumed, shall go to my nephews and nieces, share and share alike, and to my sister, Lucretia, she to take an equal share with them.''

It appears from the allegations of both the original and amended bills of complaint that Emma Toney, who was remarried and became Emma Toney Ransome, departed this life on February 8, 1933 at Purvis in Lamar County, Mississippi, and that soon thereafter, O. A. Cozzani, son of Dominic Cozzani and Mary Cozzani, was appointed administrator of the estate of Emma Toney, deceased; that her life estate in the property of Frank Toney having expired, the administrator of the estate of Emma Toney, deceased, filed a report to the Chancery Court of Warren County stating that there were no assets of the estate of Emma Toney to be administered on, and asked to be and was finally discharged, and all of his actions in the administration of the estate were approved, including the placing of Mary Cozzani in possession of the real and personal property of Frank Toney, deceased.

It is further alleged that Dominic Cozzani and Mary Cozzani were husband and wife and the parents of the said O. A. Cozzani; that O. A. Cozzani, after the death of his father, Dominic Cozzani, conspired with Mary Cozzani to represent to the Chancery Court of Warren County that the said Dominic Cozzani and Mary Cozzani were the only nephew and niece of Frank Toney, deceased, and that Dominic Cozzani having theretofore died, the said Mary Cozzani should be placed in possession of the property left by Frank Toney, and that this was done although the said Frank Toney had left surviving him ten nephews and nieces in the Republic of Italy, including the sister of Mary Cozzani.

It is further alleged that Mary Cozzani, as long as she lived, held the property in trust for the benefit of the complainants and that the complainants were tenants in common of Mary Cozzani and now with her descendants in and to all of the property left to the nephews and nieces under the will of Frank Toney, deceased, and that the complainants and Mary Cozzani, or her descendants are still the owners of the property as tenants in common, and in effect that the rights of the complainants had not become barred, since the same was being held in trust by Mary Cozzani as a tenant in common with the complainants.

According to the allegations of the amended bill of complaint, the result would be that the interest of the complainants in the property of Frank Toney, deceased, would have become vested in them absolute upon the death of the life tenant, Emma Toney, on February 8, 1933. The complainants prayed in their amended bill of complaint that they be granted a decree, annulling any decree to the contrary including the one of September 11, 1934 and to the effect that the property in question had been held at all times by Mary Cozzani in trust for the benefit of herself and the complainants, and that her possession of the property was as a tenant in common with the complainants.

There is considerable argument in the briefs as to whether the amended bill of complaint is a bill in the nature of a bill of review or is in fact a suit in equity on behalf of the complainants to have their rights in the property taken possession of by Mary Cozzani and her descendants, adjudged to be owned by the complainants and Mary Cozzani or her descendants as tenants in common.

It is not contended that the bill is merely a bill of review, since such a bill would be barred by the two-year statute of limitations declared by Sec. 752, Code of 1942. We have concluded that the suit is one in equity to have the alleged rights of the complainants as tenants in common with the defendants to be recognized by the Court.

The amended bill of complaint further alleges that "in the alternative, that the estate of Frank Toney was acquired by Mary Cozzani and the defendants herein by fraud and misrepresentation; that there is no statute of limitations against actions based upon fraud."

██ ██ Section 842, Miss. Code of 1942, provides, among other things, that "Non-resident aliens shall not hereafter acquire or hold land, * * *." However, every treaty made by the authority of the United States is superior to the constitution or laws of any individual state. If the law of a state is contrary to a treaty, it is void. This was so held in the case of Hauenstein, et al v. Lynham, Escheator for the Commonwealth of Virginia, 100 U. S. 483, 25 L. Ed. 628.

There are two pertinent treaties involved in this case, (1) "Treaty of Commerce and Navigation between the Kingdom of Italy and the United States of America," dated February 26, 1871, 20 Stat. 725. That treaty in Article 22 thereof reads as follows: "As for the case of real estate, the citizens and subjects of the two contracting parties shall be treated on the footing of the most favored nation." The meaning and effect of the "most favored nation" clause is discussed in 87 C. J. S.,

Treaties, Sec. 12b, page 936. In this connection there should be considered the treaty of 1872 between the United States and the Kingdom of Netherlands, 8 Stat. 36. (2) The "Treaty of Friendship, Commerce and Navigation between the United States of America and the Italian Republic" dated February 2, 1948, 63 Stat. 2255, provides among other things that: "Property of nationals of either high contracting party shall not be taken without due process of law." Article 5, paragraph 2. See also paragraph 2 of Article 7 of the said treaty in which it is provided in substance that a non-resident alien shall be allowed a term of three years in which to sell or otherwise dispose of property, and that this term is to be reasonably prolonged if circumstances render it necessary.

It is contended by the appellees (1) that this treaty is not to be construed as being retroactive, and (2) that the war between the United States and the Republic of Italy, which began in 1941, had the effect of abrogating any treaties between the two countries. This point is not briefed. But assuming that the treaty in question was not intended to have a retroactive effect, then the three-year provision for selling or otherwise disposing of the property of a non-resident alien would have no effect on the instant case since the rights of the complainants, if any, accrued as owners of vested remainder estates on the death of Frank Toney in 1906, and their rights to possession of the property accrued at the death of Emma Toney in 1933.

The appellees deal with the instant case as being one based on concealed fraud, and argue the application of Sec. 710, Code of 1942, and other statutes of limitation on the ground that the facts constituting the fraud complained of are not alleged with sufficient precision. The Court has concluded that the amended bill of complaint contains sufficient allegations of fact as such to entitle the complainants to proceed with the development of the case as a suit in equity on its merits. Since the complain-

ants and the defendants are alleged to be tenants in common of the property and there is nothing in the pleadings to show that there has been an ouster of the complainants by the defendants, we forego any decision as to law of the case until the facts shall have been developed on the trial. See Nichols v. Gaddis and McLaurin, Inc., 222 Miss. 207, 75 So. 2d 625 (1954). Some of the statutes of limitations relied upon by defendants may or may not control in this case, depending upon what the real facts may be as to the failure of the complainants to assert their rights at an earlier date.

The amended bill alleges that the complainants "had no knowledge of the fraud perpetrated upon them by O. A. Cozzani and his mother, Mary Cozzani," and it alleges in effect that the fact constituting the fraud was the wilful and fraudulent misrepresentation as to who were the nephews and nieces or other heirs of Frank Toney, deceased.

In the case of Southeastern Express Company v. Namie, 182 Miss. 447, 181 So. 515, it was held that a plaintiff who has alleged and proved facts essential to a recovery is entitled to judgment; that a plaintiff is not required to allege or prove more than is essential to a recovery, and any unnecessary allegation will be treated as surplusage. Treating the amended bill of complaint in the instant case as a suit in equity by tenants in common to obtain a decree recognizing their rights as such in the property involved, we refrain from undertaking to determine at this time the applicability of Sec. 710, Code of 1942, or other statutes of limitation relied on, until there shall be a full development of the facts in the case. The decree of the trial court is reversed and the cause remanded.

Reversed and remanded.

*Hall, Holmes, Ethridge* and *Gillespie, JJ.,* concur.