253 So.2d 817 (1971)
TELEDYNE EXPLORATION COMPANY
v.
Billy F. DICKERSON and wife, Nelda Dickerson.
No. 46338.
Supreme Court of Mississippi.
October 25, 1971.
Gibbes, Graves, Mullins & Bullock, Laurel, Marvin Oates, Bay Springs, for appellant.
Robert H. McFarland, Bay Springs, for appellees.
INZER, Justice:
This is an appeal by Teledyne Exploration Company from a judgment of the Circuit Court of the Second Judicial District of Jasper County awarding appellees, Billy *818 F. Dickerson and his wife, Nelda Dickerson, damages in the amount of $1,631 for damage to their dwelling house. We affirm.
Appellees, plaintiffs in the trial court, filed suit seeking to recover damages for injury to their home alleged to have been caused by seismic operations conducted near their property by the defendant, Teledyne Exploration Company, appellant here.
Appellant answered the declaration and denied it was guilty of any negligence in its operation and affirmatively alleged that the damage, if any, to the plaintiffs' home was caused by improper construction, improper conditions, improper drainage, or an Act of God.
The proof on behalf of the appellees is sufficient to establish the following facts. In October 1969 appellant was engaged in doing seismograph work in the vicinity of appellees' home in Jasper County. They made no shots on the land of appellees, but they did explode shots on adjacent property. Mrs. Dickerson, upon seeing the crew approaching her property requested them not to explode any shots near her home. None were exploded on that day, but a few days later the crew came back and made shots on the adjacent property. Mrs. Dickerson heard an explosion which shook her house and made the windows rattle. A few days later she noticed cracks in the wall in the bedroom on the southwest corner of her home. Upon closer examination, it was found there had been extensive damage to the walls and the floor of the bedroom. A building contractor examined the house and made an estimate of the cost of repairs to restore it to approximately its former condition. His itemized estimate amounted to $1,631.50.
A trial was had and the jury returned a verdict in favor of appellees for the sum of $2,000. The trial court ordered a new trial unless a remittitur of $369 was entered. The appellees entered the remittitur, and from this judgment, this appeal is taken.
Appellant has assigned some nine reasons for reversal of this case. However, we will only discuss those which we deem merit discussion.
The principal question in this case is whether the evidence is sufficient to establish a causal connection between the explosion on the adjacent property and the damage to appellees' home. We think it was clearly a question for the jury as to whether the damage to the residence of appellees was a proximate result of the explosion by the defendant on the adjacent property. There are many conflicts in the evidence on this case, but the jury resolved these conflicts in favor of appellees. It is sufficient to say appellant exploded two shots on the adjacent property near the residence of appellees. The distance these shots were from the home of the appellees was in conflict. However, the jury could find from the evidence in this case that the force of the vibrations of one of these shots caused the house to shake and the windows to rattle, thereby damaging appellees' house.
Appellant contends the appellees failed to prove it was guilty of any negligence in making the shots on the property where they had a right to make them. This same argument was made in Central Exploration Co., Inc. v. Gray, 219 Miss. 757, 70 So.2d 33 (1954), where a home was damaged under similar circumstances. In Gray we adopted the rule of absolute liability where, without fault, a person explodes dynamite or other dangerous explosives on the land of an adjoining owner with that owner's consent, and property of his neighbor is damaged by the vibration and concussion of the earth due to the explosion. We held the imposition of absolute liability was in accord with the general principles of law, and the person causing the explosion should bear the loss, rather than a third person who had no relation to the explosion other than that of injury.
*819 Mrs. Dickerson, who was home at the time of the explosion, testified that her home shook and the windows rattled, and this was sufficient to show a causal connection between the acts of the appellant and the resulting damage to the home of the appellees. This testimony distinguishes this case from Western Geophysical Co. of America v. Martin, 253 Miss. 14, 174 So.2d 706 (1965), and Continental Oil Co. v. Hinton, 253 Miss. 233, 175 So.2d 512 (1965), cited and relied upon by appellant.
We find no merit in appellant's contention that the trial court was in error in refusing to grant a directed verdict for the appellant. It is argued the appellees alleged negligence in their declaration and wholly failed to prove appellant guilty of any negligence in doing exploration work on the adjacent property. Appellees alleged and proved sufficient facts to entitle them to recover. The allegation of negligence was superfluous. In Southeastern Express Co. v. Namie, 182 Miss. 447, 181 So. 515 (1938), we said:
On the trial appellee failed to prove the specific negligence charged; and now appellant insists, as its chief contention, that it was entitled to the peremptory charge requested by it, the argument by appellant being, in effect, that appellee having gaged his legal battle on the issue of negligence, as the gist of his cause of action, and having failed to sustain that issue, appellant is entitled to the award of a verdict. The contention upon first approach, is liable to be considered plausible, and we think it merits more than a cursory discussion.
The rule is fundamental, of course, that when a plaintiff has alleged and proved the facts essential to a recovery, he is entitled to judgment. It follows that it is unnecessary to allege or prove more, and that if more than enough be alleged, the unnecessary allegations will be treated as surplusage. It follows further that an unsuccessful attempt to prove the surplus allegations will not defeat the plaintiff; for having alleged and proved enough he is not to lose his case merely because he alleged but failed to prove more than enough. Under our statutes abolishing forms of action and requiring that merits only shall be considered, section 521, Code 1930, the rule goes so far that a recovery may be had in contract, if the allegations and proof support such a right, although the declaration sounded in tort. See Connor v. Philo, 117 App.Div. 349, 102 N.Y.S. 427. And see particularly Mississippi Power & Light Co. v. Pitts, 181 Miss. 344, 179 So. 363.
(182 Miss. at 459, 460, 181 So. at 516).
Appellant also contends the trial court was in error in overruling its motion to exclude the testimony of the building contractor relative to the cost of repair as proof of damage. It is argued the damage complained of was to appellees' dwelling house, which was part of the realty and was of a permanent or continuing nature, and the proper measure of damages was and "before and after" rule. We find no merit in this contention. The damage to appellees' home was of such nature that it could be repaired in order to restore it to its former condition. The damage was only to a portion of the property and not to the whole and did not take away from them any part of their property. The only damage sought to be recovered by the appellees was the cost of repairing their home in order to restore it to its former condition. Where the injury to property is repairable, the cost of repairs is a proper measure of damages. Chevron Oil Co. v. Snellgrove, 253 Miss. 356, 175 So.2d 471 (1965); Sun Oil Co. v. Nunnery, 251 Miss. 631, 170 So.2d 24 (1964).
After a careful reading of the record in this case and considering the errors assigned, we find no reversible error. It is true that there are many conflicts in the evidence, but all were questions for determination for the jury. The jury made the determination, and we cannot say its *820 verdict is against the overwhelming weight of the evidence. For the reasons stated this case is affirmed.
Affirmed.
GILLESPIE, C.J., and JONES, BRADY and ROBERTSON, JJ., concur.