274 So.2d 129 (1973)
The TOWN OF FULTON
v.
Paul MIZE.
No. 46989.
Supreme Court of Mississippi.
March 5, 1973.
*130 Mitchell, Rogers & Eskridge, Tupelo, W. Herman Camp, Fulton, for appellant.
T. Victor Bishop, Fulton, for appellee.
BROOM, Justice:
Mize, plaintiff and appellee, sued Fulton (a municipality), defendant and appellant, in the Circuit Court of Itawamba County, Mississippi, for damages related to alleged poisoning of Mize's cattle and the subsequent death of some of them. The jury returned a verdict in favor of Mize for the sum of $6,000 and Fulton appeals. We affirm.
Mize charged in his declaration that the animals died as a result of toxic poisoning. The toxic poisoning substance was made available to the animals by an overflow of raw sewage from the town's sewer system into a ditch which carried the sewage into Mize's pasture. Some sewage appears to have run out of the ditch and onto the ground where the animals grazed. The cows allegedly drank of the polluted water in the ditch.
Mize's cow pasture was just west of Fulton. The area of the pasture into which sewage escaped is downhill from Fulton's sewer line, which line was located upon adjacent or nearby land not owned by Mize. The line was not situated upon Mize's property at any point. Fulton had no license from Mize. Sewage from the disposal plant of Fulton flowed by means of said sewer line (pipe) which ultimately emptied into Cummings Mill Creek. Said creek did not run through or upon Mize's property. Pumps were in the sewer line to force the sewage through the line to its destination. It was alleged that sewage escaped from the line when said pumps malfunctioned.

I
Fulton first contends that it should have been granted a directed verdict at the conclusion of the plaintiff's case. We hold that there was sufficient evidence to make out a jury question. Noteworthy is the fact that the answer filed by Fulton to the declaration of Mize admitted that a quantity of sewage did overflow into said ditch.

II
Fulton also contends that instructions granted Mize on "damages" and "negligence" constituted reversible error. We hold that said instructions, though lacking in perspicuity, with the testimony presented could not have misled the jury to the extent that any improper verdict resulted. Fulton contends that the instructions did not furnish or set forth the alleged acts or omissions which constituted negligence, and also that none of the instructions properly defined negligence.
There might be merit to Fulton's contention that the instructions did not adequately define negligence or set forth acts or omissions constituting negligence except for the fact that negligence was not the gravamen of the plaintiff's suit. Here, as held by us in Southland Company v. Aaron, 221 Miss. 59, 72 So.2d 161 (1954), the allegation of negligence may be disregarded as surplusage. We said in Southland:
Negligence, as alleged in the plaintiffs' declaration, is used in the broad sense of lack of due care in the use of the defendant's property to avoid injury to the plaintiffs' property.
The rule relating to proof of negligence in nuisance cases is stated by the text writer in 66 C.J.S. Nuisances § 11c, p. 756, as follows:
"Where negligence is not an element of a nuisance, the rules governing the sufficiency of complaints for negligence have no application in actions for nuisances. Thus, ordinarily, negligence *131 need not be alleged or proved. Moreover, even though it is averred that the acts complained of have been done negligently, it does not make negligence a material question; and, if negligence is alleged, such averments may be disregarded as surplusage."
In the case of Southeastern Express Co. v. Namie, 182 Miss. 447, 181 So. 515, 516, the Court said: "The rule is fundamental, of course, that when a plaintiff has alleged and proved the facts essential to a recovery, he is entitled to judgment. It follows that it is unnecessary to allege or prove more, and that if more than enough be alleged, the unnecessary allegations will be treated as surplusage." (221 Miss. at 73-74, 72 So.2d at 166.)
The record makes it clear that here Mize alleged and proved the facts essential to a recovery and became entitled to judgment. That is, he alleged and presented testimony (which the jury was justified in believing) to the effect that Fulton was responsible for the sewage invading Mize's land where his cows consumed a quantity of same. Upon the testimony we hold that Mize made out a case of absolute liability. The allegation of negligence, as in Southland, supra, was surplusage and therefore the instructions on "negligence" were mere surplusage. See, also, Love Petroleum Company, Inc. v. Jones, 205 So.2d 274 (Miss. 1967) wherein we held that allowing salt water and oil to escape upon the lands of another is the creation of a nuisance for which a landowner is entitled to at least nominal damages. Also, the injured landowner is entitled to such other special damages as may accrue to him as a direct result of the nuisance. Here the testimony is adequate to sustain a verdict for the amount of damages found by the jury to be due Mize.
Affirmed.
GILLESPIE, C.J., and PATTERSON, SMITH and SUGG, JJ., concur.