SMITH, Presiding Justice,
for the Court:
James L. Sego and his wife, Naomi R. Sego, brought suit in the Circuit Court of Lowndes County against Irby H. Atkinson, Jr., operator of a truck stop and car wash, and Olympic Manufacturing Company, manufacturer of a product called Magnum 44, demanding damages alleged to have occurred to their 1972 Silver Eagle Bus through use of said product by Atkinson in washing it.
In their declaration, the Segos described the damage:
“The aluminum finish of said bus had been so severly (sic) marred, burned, and damaged that it had completely lost its original lustrous appearance.”
They demanded judgment for: “$16,613.60, said sum being the amount reasonable and necessary to restore plaintiffs’ bus to the condition which it was in immediately before being washed by defendant Atkinson.”
The proof was uncontradicted that the bus was turned over to Atkinson by the Segos for washing and that Atkinson had used Magnum 44 in the process. It is admitted that those portions of the bus made of annodized aluminum were, in fact, marred, burned and damaged and had lost their lustrous appearance by the application of Magnum 44 which contained the chemical sodium hydroxide.
On Atkinson’s behalf there was testimony to the effect that Atkinson had been unaware of the dangerous propensities of Magnum 44 when used in cleaning anno-dized aluminum, and that there had been no warning label to that effect upon the containers in which he had received it from its manufacturer, Olympic. Testimony for Olympic was to the opposite effect, proof having been made that the containers had been carefully labeled with plain warnings of the effects of its use and that Atkinson *152 personally had been warned by an agent of Olympic against using it on annodized aluminum surfaces. Olympic’s defense in the case was submitted to the jury by the court in the following instruction to which no objection was made.
If you find from the evidence that Olympic Manufacturing Company used reasonable care in warning Defendant Atkinson and his employees against the use of “Magnum 44” on annodized aluminum or on vehicles with bright finishes by placing warning labels on the “Magnum 44” containers or by warnings given Defendant Atkinson and his employees through Olympic’s salesman, Larry Do-nelson, then you must return your verdict for Olympic Manufacturing Company.
A witness for the Segos testified as an expert as to the cost of necessary repairs to the bus, estimating that it would require $16,000 to place it in the condition in which it had been in 1974 when the damage had occurred. There was no rebuttal testimony as to the cost of necessary repairs.
The trial judge instructed the jury to find for the Segos and the jury returned a verdict for them against Atkinson for $2,500 but declined to find against Olympic.
The Segos moved for (1) a judgment against Atkinson for $16,000, notwithstanding the verdict, (2) a new trial on damages only or an additur of $12,000, and (3) for a new trial on damages against Atkinson and Olympic. Each of these motions was denied.
From the action of the trial court, the Segos appeal, concluding their brief as follows:
CONCLUSION
It is earnestly submitted that the verdict of the jury is wholly without support in the record and that the plaintiffs, having been given a directed verdict, from which no appeal was taken, are entitled either to judgment against Appellee Atkinson in the sum of $16,000.00, or to a new trial on the issue of damages only against Appellee Atkinson.
It will have been noted that the Segos, in their declaration, demanded $16,613.60 for the repair of their bus and that the uncon-tradicted testimony of their expert witness fixed the cost of the repairs at $16,000. Also, the motion made by the Segos following the return of the verdict was for a judgment for $16,000 against Atkinson, notwithstanding the verdict. We have concluded, that, considering all the circumstances, and upon the pleadings and proof, this motion should have been sustained and a judgment entered for the Segos in the amount of $16,000 against Atkinson. Teledyne Exploration Company v. Dickerson, 253 So.2d 817 (Miss.1971).
• The declaration demanded, in addition to the costs of repair, compensation for loss of use of the vehicle. The trial court declined to submit that issue and there is no cross-appeal from the trial court’s action in this regard.
The judgment appealed from will be reversed and a judgment will be entered here for appellants in the amount of $16,000 against Atkinson.
REVERSED AND JUDGMENT HERE FOR $16,000 AGAINST ATKINSON.
PATTERSON, C. J., ROBERTSON, P. J., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.