Lyman et al. Adm'r, v. Webber.

WYLLIS LYMAN AND ELIAS LYMAN, administrators of ELIAS LYMAN, *v.* WILLIAM WEBBER, JR.

An administrator, who is out of possession, of real estate, whether disseized, or having surrendered the possession to the heir, can neither maintain trespass, nor an action on the case, in behalf of the heir, for an act which is a damage to the inheritance.

IN THIS CASE the plaintiffs declared against the defendant in a plea of the case, alleging that they were possessed, as administrators, of certain premises, which were the property of the intestate, in his lifetime, and of which he died seized, upon which there were lying a quantity of felled trees, timber, cord wood and brush, which had been cut and partly prepared for removal for the purpose of clearing and cultivating the land, and that the defendant set fire to the said felled trees, timber, cord wood and brush, knowing

that the same were not prepared and dried, so as to be in a proper condition for burning, whereby the land was improperly and badly burned over, and greatly injured, &c. Plea, the general issue, and trial by jury.

On trial it was conceded that Elias Lyman died intestate in 1834, he then being seized in fee of the premises described in the declaration and that the plaintiffs were, and continued to be, to the time of trial, the administrators upon his estate. It appeared in evidence that the plaintiffs, for several years after the decease of the intestate, leased the said premises to different individuals, and that, in 1841, one Joseph F. Tilden, whose wife was a daughter of the intestate and still living, entered into possession of the premises, and continued in possession thereof to the time of trial, managing the same ;. but there was no evidence as to the terms, or agreement, or under whom, he went into possession. It farther appeared, that, in the spring of 1843, one French, who was employed by Tilden, cut over about five acres of the land, being wood land, for the purpose of clearing the same, and that in May, 1843, the defendant, in his own wrong, set fire to the wood, brush, &c., lying upon the land, at an improper time for burning the same, by reason of which it became more expensive to clear the land, and the land itself became less valuable to the occupier, than it would have been, if the wood, brush, &c., had been well burned, which might have been done afterwards, and showing a probable damage to the crops, which might have been put upon the land,—though it did not appear from the evidence that any had been sowed.

The defendant contended, that upon these facts, this action could not be sustained ; but the court, *pro forma,* directed the jury to return a verdict for the plaintiff, assessing such damages as they should find had resulted from the wrongful act of the defendant. To this direction the defendant excepted.

———— for defendant.

Tilden and his wife were in possession of the premises at the time the injury complained of was committed, and had been for some years, apparently in the right of the wife, as one of the heirs of the intestate. Consequently, the action should have been brought in their names.

Lyman et al. Adm'r, v. Webber.

But if the administrators can recover at all, under the circumstances, the action should have been trespass,—the act complained of having been forcible, and the injury, resulting therefrom, immediate, and not consequential. 3 Bl. Com. 208–9. 1 Chit. Pl. 126–132. 2 Stephen's N. P. 1003–4. 3 Ib. 2629. 5 Taunt. 649. 8 Ib. 190, 191.

If the facts show a case of landlord and tenant, case will lie, in the name of the landlord, only for an injury to the reversion. If the injury is to the tenancy, trespass, in the name and right of the tenant, is the remedy. The latter, if any, is this case.

If the injury was of a permanent nature, the remedy would be case, and should be sought in the name and right of the heir, and not of the administrator. 3 Cow. 299. 5 Cow. 501. 16 Mass. 280.

*J. Berry & L. B. Peck* for plaintiffs.

Under our statute, on the death of the intestate, the title to the land vested in the heirs, and not in his personal representatives. The only claim, the plaintiffs have to the real estate, is a *lien* for the payment of debts. They are authorized, however, to bring actions for the recovery of damages for all injuries to the real and personal estate ; and the only question is, whether the plaintiffs remedy, for the injury complained of, is in *case.* The declaration does not count upon an entry on the premises, but complains that the defendant, by setting fire to the fallen trees at an improper time, rendered it more difficult to clear the land. This injury is clearly consequential. As a consequence of this unlawful act, certain cordwood was also burned up. If A. should set fire to B's buildings, and the fire should extend to and destroy the buildings of C., might not the latter sustain *case ?* Would not this be the appropriate remedy ? So in this case, the fire set to the felled trees extended to and destroyed the wood and timber. This was a consequence of the act. But if *trespass* is the appropriate remedy for a part of the injury complained of, and *case* for the remainder, why may not this action be supported. *Knott* v. *Digges*, 6 Har. & Johns 230, is a direct authority in favor of this action.

Will it not be presumed, after verdict, that the damages were given for the consequential injury only ? and that the jury were so

instructed by the court? If the declaration alleged that the defendent entered upon the premises, the case would have assumed a different aspect. But it does not appear that he ever did so, and it is not to be presumed that he did, as he might have communicated the fire to the felled trees, brush, &c., without an entry. Was there any trespass, then, on the freehold?

The opinion of the court was delivered by

BENNETT, J. The object of this action is to recover damages, which, it is claimed, the plaintiffs, in their representative capacity, have sustained by reason of the defendant; having wrongfully set fire to a quantity of timber, brush, &c., which had been cut upon certain premises, of which, it is alleged, the plaintiffs, as administrators of the intestate, were seized and possessed. The declaration seems to be partly in trespass, and partly in case; but it is not essential, that we should decide to which class of actions it is to be referred, since, in either point of view, the facts detailed in this bill of exceptions will not sustain the action.

It seems that the intestate died seized of the premises described in the declaration, and was the owner thereof, and that the plaintiffs, as his administrators, having taken control of them, leased them to divers individuals for a period of six or seven years, and that, in 1841, one Tilden, who had married the intestate's daughter, who was still living, went into possession of the premises, and has ever since remained in possession, apparently carrying them on for himself. The case, however, is silent as to the circumstances of Tilden's going into possession, and also as to the person under whom he went into possession. We must, consequently, consider Tilden in possession, either as a disseizor, or else as matter of right. If we could presume a *surrender*, by the administrators, of their then present possession of the premises to Tilden, in behalf of his wife who was one of the heirs at law, still this would not help the case. In either event the administrators could not maintain an action of trespass, not having any possession; and *though* an action on the case may be maintained by a person, who has a reversionary interest, for an injury done to real estate, which works a damage to him in reversion, yet the present is not such an action. The action is brought by the plaintiffs, upon the *title of* their intestate, and

they neither declare for, nor claim, any damage in behalf of any reversionary interest.

We think it is quite clear, that an administrator, who is out of possession cannot maintain an action on the case, in behalf of the heir, for an act, which is a damage to his inheritance. If it appeared, that the whole estate was wanted for the payment of the debts of the intestate, and an injury was done to it, while the administrators were out of possession, and the action was brought for the benefit of creditors, it might possibly merit a different consideration. But that is not this case. The result is, that, whatever view we take of this case, the proof cannot sustain this action, and the judgment of the county court is reversed.