## WILLIAM BALL *vs.* GEORGE NYE.

One who maintains a vault so that with his knowledge filthy water habitually filters from it, whether above or below the surface of the ground, into land of a neighbor, where it injures a cellar and well, is liable in damages for the injury, without other proof of negligence.

TORT, alleging that the defendant wilfully caused and negligently permitted the discharge of filthy matter from the vault of his barn into the plaintiff's cellar and well, tainting the water in the well and rendering the cellar unwholesome.

At the trial in the superior court, before *Devens, J.*, there was much evidence, which was reported in full in the bill of exceptions, and by which it appeared that the plaintiff and the defendant owned adjoining lots on East Union Street in Springfield, which sloped so that the defendant's land was higher than the plaintiff's; that in 1864 the plaintiff built an addition to his house and dug a well in the cellar under the addition; that in November 1865 the defendant built a barn on his lot, constructing a vault underneath it with walls of brick but no other floor than the earth and without a drain, the distance of the wall of the vault from the wall of the plaintiff's cellar being about three feet and a half, and from the centre of the well in the plaintiff's

cellar about thirteen feet and a half, the bottom of the vault five feet and a half higher than the bottom of the well, and the soil sandy; that the defendant suffered manure to accumulate in the vault of his barn, which, after a time, by percolating the intermediate soil, rendered the water in the plaintiff's well yellow in color and offensive to the taste and smell, and also passed beneath the plaintiff's cellar wall and oozed to the surface in the cellar; and that, although the existence of the nuisance was brought to the defendant's attention several times by the plaintiff, yet the defendant suffered it to exist from May 1866, when it first began sensibly to affect the plaintiff's cellar and well, to the commencement of this action in January 1867.

The defendant " conceded that percolations passed underground from the vault of his barn into the plaintiff's well and cellar," but requested the judge to rule " that the plaintiff could not recover upon the testimony; also that he could not recover under the form of declaration in the case; also that he could not recover unless the jury were satisfied that the injuries resulted to him from the wilful or negligent conduct of the defendant, and that whether or not he had been negligent was a question for the jury; also that it was a question for the jury whether or not the defendant had negligently kept and accumulated manure or other filth in his vault, and whether or not the contents of said vault percolated through the soil into the plaintiff's well and cellar by reason of any improper or negligent construction of this vault, or negligent keeping or having the contents of said vault in the same; also that the plaintiff could not recover for injuries resulting from percolations through the defendant's soil and then through the soil of the plaintiff into the cellar and well of the plaintiff; also, if he could, he could not without proof that the percolations resulted from some negligence or fault on the defendant's part; also, if liable for percolations into the cellar, the defendant was not liable for percolations into the well."

The judge refused so to rule; and instructed the jury " that the defendant was bound to so construct his vault that the contents thereof should not percolate through into the plaintiff's cellar and well, and, it being conceded that percolations did pass through, to the plaintiff's injury, such percolations were

evidence of negligence, upon which the plaintiff was entitled tc a verdict;" and he therefore directed a verdict for the plaintiff. The defendant alleged exceptions.

*M. P. Knowlton,* for the defendant. The conceded facts were, that the defendant built a barn with a cellar vault on a side hill, and percolations passed from his cellar through the earth into the plaintiff's cellar and well, further down the hill. The judge ruled that on these facts alone the plaintiff had a right of action. But the defendant's acts were upon his own premises and lawful in themselves. The plaintiff cannot recover without proving that the injuries resulted from wilful or negligent conduct. *Rockwood* v. *Wilson,* 11 Cush. 226. *Tourtellot* v. *Rosebeck,* 11 Met. 462. *Brown* v. *Kendall,* 6 Cush. 292. The declaration sets forth no other cause of action ; and the question of negligence is always for the jury. There can be no legal liability for damages to land by mere subterranean percolation. *Thurston* v. *Hancock,* 12 Mass. 220. *Greenleaf* v. *Francis,* 18 Pick. 117. *Brown* v. *Illius,* 25 Conn. 583. *Same* v. *Same,* 27 Conn. 84. *Roath* v. *Driscoll,* 20 Conn. 540. *Acton* v. *Blundell,* 2 M. & W. 348.

*H. Morris,* for the plaintiff.

FOSTER, J. To suffer filthy water from a vault to percolate or filter through the soil into the land of a contiguous proprietor, to the injury of his well and cellar, where it is done habitually and within the knowledge of the party who maintains the vault, whether it passes above ground or below, is of itself an actionable tort. Under such circumstances the reasonable precaution which the law requires is, effectually to exclude the filth from the neighbor's land ; and not to do so is of itself negligence. In the present instance, there was no pretence of a sudden and unavoidable accident which could not have been foreseen or guarded against by due care. The percolations appear to have been constant, and their existence to have been known to the defendant. The instructions asked for by his counsel were liable to mislead the jury, and those given were exactly accurate and appropriate to the case. *Baird* v. *Williamson,* 15 C. B. (N. S.) 376. *Rylands* v. *Fletcher,* Law Rep. 3 H. L. 330.

*Exceptions overruled.*