## WILLIAM F. DARLING *vs.* MOSES G. KELLY.

That one acted in aid of an officer is no defence, if the officer himself was a trespasser.

One in lawful occupation of a close can maintain trespass for the unauthorized entry of a stranger.

One who has himself no right of entry upon land cannot authorize the entry of a third person.

TORT, for breaking and entering the plaintiff's close and gathering and carrying away the crops.

The answer denied that the close was the plaintiff's and that the crops were his property, but alleged that one Jesse Darling and one Emery Chilson were tenants in common of the close and of the crops; that one Gurney attached the crops as the property of Jesse Darling; that the defendant acted in aid of the officer making the attachment, and that all that he did was with the permission of Chilson.

Upon the trial in the Superior Court, before *Dewey* J., it appeared in evidence that Chilson was the owner in fee of the land, and that he let it to the plaintiff on the terms that he, Chilson, was to manure and plough it, and the plaintiff was to find seed and to plant, cultivate and harvest the crops; that the crops, after they were harvested, were to be divided upon the land, and one half taken by Chilson for his own use, and the other half taken by him to the house of Darling; that after the officer and the defendant had entered the close, Chilson said he was glad they had come to harvest the crops, and consented to all the defendant did, that most of the crops were taken by the officer and his agents, and were left in the custody of Chilson; that the defendant entered with the officer upon the close, and did nothing except to assist in harvesting and in carrying away the crops; that no special injury was done to the close or crops; that there was no conversion by the defendant to his own use of any part of them except as above stated, and that Jesse Darling worked upon the land, planting and hoeing some eight days.

The defendant contended that the lease of the close was made to Jesse Darling, instead of to the plaintiff, and that question was submitted to the jury.

Upon the foregoing evidence the defendant requested the court to rule that the plaintiff could not maintain the action ; but the court declined so to do, and instructed the jury that if they found that the close was let to the plaintiff, and that he was the owner of one undivided half of the crops, under the contract, when the defendant went upon the close, and aided in harvesting and carrying them away, they should return a verdict for the plaintiff for the value of one half of the crops taken and carried away, no special damages being claimed for the injury to the close.

The jury returned a verdict for the plaintiff for one half the value of the crops, and the defendant excepted.

*S. A. Burgess*, for the defendant.

*T. G. Kent*, for the plaintiff.

ENDICOTT, J. The case finds that the close, described in the plaintiff's declaration, was owned by Chilson, who let it to the plaintiff to be farmed at halves, Chilson to manure and plough it, the plaintiff to do all the other labor upon it. An officer with a writ against Jesse Darling entered upon the land while so in the occupation of the plaintiff and attached the crops as the property of Jesse Darling, and dug up and carried away a portion of the same. The defendant aided and assisted the officer in the work of taking and removing the crops. The defendant claimed that the lease of the close was to Jesse Darling and not to the plaintiff, but this claim is negatived by the finding of the jury.

The request of the defendant to rule that the plaintiff could not maintain this action was properly refused, and the instructions to the jury were correct, — that if they found the close was let to the plaintiff, and that he was the owner of one half the crops when the defendant entered and took them away, the plaintiff was entitled to a verdict for the value of one half so taken, no damage being claimed for injury to the close.

The defendant was a mere trespasser, without justification in the fact that he was aiding an officer. The original act of the officer was unlawful, and the stranger assisting him became liable to the party injured. *Oystead* v. *Shed*, 12 Mass. 505. The

plaintiff, being in legal occupation of the close at the time of the defendant's entry, could maintain an action in the nature of trespass *quare clausum* against him as a mere trespasser. *Barnstable* v. *Thacher*, 3 Met. 239. *Shrewsbury* v. *Smith*, 14 Pick. 297. *Merriam* v. *Willis*, 10 Allen 118.

It was argued by the defendant that there was a tenancy in common with Chilson, and that he was justified in what he did by the consent of Chilson. But there was evidence tending to show that the plaintiff was entitled to the exclusive possession of the land, Chilson having no right of possession against him, after the land was ploughed and manured. If the jury so found, Chilson could give no consent to the defendant's entry. See *Warner* v. *Abbey*, ·112 Mass. 355.          *Exceptions overruled.*