ELIZA J SWEETLAND *vs.* EMILY STETSON.

Suffolk. March 17. — 18, 1874. COLT & ENDICOTT, JJ., absent.

An action of tort for breaking and entering the plaintiff's close may be maintained, if the plaintiff is in possession, and neither party proves title to the close.

TORT for breaking and entering the plaintiff's close, and pulling up and removing a fence. The defendant claimed title in the land on which the fence stood, and at the trial in the Superior Court before *Putnam*, J., trial by jury being waived, put in evidence certain deeds and oral testimony. The judge found as a fact that the plaintiff was in possession of the land on which the fence stood, and described in her writ, at the time of the alleged trespass, and that the defendant upon the whole evidence had failed to establish her title to the land in controversy, and gave judgment for the plaintiff. The defendant excepted.

*N. C. Berry*, for the defendant. 1. The finding of the judge of the court below that the plaintiff was in possession of the land on which the fence stood, and that the defendant upon the whole evidence had failed to establish her title to the land in controversy, shows that the court mistook the law. The burden was on the plaintiff to prove her title, not on the defendant to prove hers. 2. The deeds give as one of the boundaries the line of the land of another person. This is a monument, and must govern in preference to the length of the line running to this monument.

*C. R. Train*, for the plaintiff, was not called upon.

GRAY, C. J. This is an action between the owners of adjacent lots of land. Each has as much land as her deed calls for. The controversy is as to a strip one foot wide on which the fence between the two lots stands. To whom this belongs depends upon the application of the description in the deeds to the land. It is true that the boundary upon the land of a third person makes that land a monument, but where the monument is is a question of fact. The judge of the Superior Court has found as facts that the defendant proved no title to the strip in question, and that the plaintiff was in possession thereof. His finding was based partly on the testimony of witnesses, and depends upon their credibility. The bill of exceptions presents pure questions of

fact, on which the decision of the court below is final. No title in either party being proved, the plaintiff's possession is sufficient to maintain this action.          *Exceptions overruled.*