[No. 9130.    Department Two. — March 26, 1886.]

ELLEN M. COLTON, RESPONDENT, v. ANDREW ONDERDONK ET AL. ANDREW ONDERDONK, APPELLANT.

TRESPASS — ACTION TO RECOVER FOR — DEVISEE IN POSSESSION MAY MAINTAIN. — One who is in possession of land as a sole devisee, pending the settlement of the estate of the testator, may maintain an action in her individual name to recover damages for a trespass committed thereon after the death of the testator, and while she is in possession.

ID. — JUDGMENT IN FAVOR OF DEVISEE — BAR TO RECOVERY BY EXECUTRIX. — If the devisee is also the executrix of the will of the devisor, a recovery by her in such an action is a bar to a subsequent recovery in an action instituted by her in her representative capacity.

PLEADING — COMPLAINT — AMBIGUITY — DEMURRER. — An objection to a complaint on the ground of ambiguity must be taken advantage of by a special demurrer; otherwise the defect is waived.

ID. — BLASTING ROCKS IN CITY — LIABILITY FOR DAMAGES. — Where the owner of a lot situated in a large city, and contiguous to the dwelling-house of another, uses gunpowder to blast out rocks on his lot, he is liable for the damage proximately and naturally resulting to the house of the adjoining owner from the act of blasting, whether the damage was caused by rocks thrown against the house or by a concussion of the air around it.

ID. — UNREASONABLE USE OF PROPERTY — SKILL IN USE. — Such a use of property is unreasonable, unusual, and unnatural, and no care or skill exercised in the use will excuse the owner from liability for the damages proximately and naturally resulting from the blasting.

EXCESSIVE JUDGMENT — VERDICT. — A judgment entered for an amount in excess of the verdict is erroneous, and will be modified on appeal.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion.

*Fox & Kellogg,* for Appellant.

*Stanly, Stoney & Hayes,* and *Crittenden Thornton,* for Respondent.

FOOTE, C.—The plaintiff instituted this action for the recovery of damages, which she claimed the defendant had caused to her dwelling-house while he was engaged in blasting rock in grading another lot adjoining that on which the plaintiff's dwelling stood.

The cause being tried by a jury, their verdict was in favor of Mrs. Colton for $7,500; this was on the 19th of March, 1883. Afterward, on the 19th of June, 1883, a judgment thereon was rendered for the sum of $7,631.25, and interest from said date at seven per cent per annum, together with costs and disbursements in the sum of $464.45. From said judgment and an order refusing his motion for a new trial, the defendant appeals.

His first contention is, that the complaint showed no cause of action, because, as he claims, it is doubtful

whether the plaintiff claims to have been in possession of the damaged house, as devisee, under her husband's will, or as executrix, and by the allegations of that pleading, that the decedent's estate, not having been distributed, the executrix alone could sue in such an action, and not having done so, no recovery could legally be had. We do not think this proposition is successfully maintained.

The complaint, as we think, in its statements, conveys to the ordinary intellect that Mrs. Colton claimed damages from the defendant for injuries done to the dwelling-house, of which she was in possession as a sole devisee under her husband's will, and the further fact that she was also the executrix of that will. There was a statement therein that the defendant had damaged the property of which she, Ellen M. Colton, in her own proper person, was in possession, which was the gist of the action, and no contradiction of that statement. Therefore the case of *Dickinson* v. *Maguire*, 9 Cal. 46, cited by the appellant, is not in point.

And if it was ambiguous or doubtful from the language of the pleading what it meant to convey, as to the capacity in which Mrs. Colton sued, that should have been taken advantage of by special demurrer, and such course not having been taken, the defect was waived. (Code Civ. Proc., sec. 434.)

At common law the right of action in such a case as this, trespass upon realty, was in the heir or devisee, in possession. (Pomeroy on Remedies, 2d ed., sec. 219; Waterman on Trespass, 979–980; *Lyman* v. *Weber*, 17 Vt. 489; *Arbuchon* v. *Lory*, 23 Mo. 99–100; *Railroad Co.* v. *Knapp*, 51 Tex. 576, 577.)

It is true that in California the administrator or executor is entitled to the possession of the real estate of his decedent for certain purposes, even as against the heir or devisee, but the title to the land is vested in the latter, subject to the former's lien for the payment of

debts and the expenses of administration. (*Estate of Woodworth,* 31 Cal. 604.)

Under sections 1452–1581, Code of Civil Procedure, the possession of an executor is that of the heir or devisee, and as against third persons the latter can maintain an action of ejectment as well as the former.

The defendant is a mere trespasser upon the rights of one in possession of the realty against whom he does not attempt to assert any paramount title; therefore she, being in possession, can institute the action. (*Polk* v. *Henderson,* 9 Yerg. 310; *Darling* y. *Kelly,* 113 Mass. 29–31; *Sweetland* v. *Stetson,* 115 Mass. 49–50; *Kilborn* v. *Rewee,* 8 Gray, 415–417.)

But it would make no difference to the defendant's rights, how she, the plaintiff, sued, whether as executrix or universal devisee, as a judgment in her favor for damages to the dwelling while in her possession as such devisee would be a bar to her recovery for the same cause of action in the capacity of executrix. (*Stewart* v. *Montgomery,* 23 Pa. St. 412; 2 Pa. St. 112.)

And what she might do with the money recovered in this action, in accounting to the Probate Court, is no concern of the defendant, a mere trespasser, and not a creditor of her decedent's estate; as having once paid the amount recovered by her in the capacity in which she sued, his responsibility would cease.

The allegations, therefore, of the complaint, which are admitted by the answer to be true, that the plaintiff, Ellen M. Colton, at the time the trespass complained of was committed by defendant was entitled to and in possession of the premises as the owner thereof in fee since the death of her husband, David D. Colton, taken with the other facts set out therein, sufficiently stated a cause of action. The fact that the defendant used quantities of gunpowder, a violent and dangerous explosive, to blast out rocks upon his own lot, contiguous to another person's, situate in a large city, must be taken as an unreasonable,

unusual, and unnatural use of his own property, which no care or skill in so doing can excuse him from being responsible to the plaintiff for the damages he actually did to her dwelling-house as the natural and proximate result of his blasting. For an act which in many cases is in itself lawful becomes unlawful when by it damage has accrued to the property of another.

And it would make no material difference whether that damage, resulting proximately and naturally from the act of blasting by the defendant, was caused by rocks thrown against Mrs. Colton's dwelling-house or a concussion of the air around it, which had either damaged or entirely destroyed it.

The defendant seems by his contention to claim that he had a right to blast rocks with gunpowder on his own lot in San Francisco, even if he had shaken Mrs. Colton's house to ruins, provided he used care and skill in so doing, and although he ought to have known that by such act, which was intrinsically dangerous, the damage would be a necessary, probable, or natural consequence. But in this he is mistaken. (Addison on Torts, 9; *Transportation Co. v. Chicago*, 99 U. S. 635–644; *Losee v. Buchanan*, 51 N. Y. 479, explaining *Hay v. Cohoes Co.*, 2 N. Y. 159–162; *Pixley v. Clark*, 35 N. Y. 520–532; *Heeg v. Licht*, 80 N. Y. 579–583; *Tiffin v. McCormack*, 34 Ohio St. 644; *Carman v. R. R. Co.*, 4 Ohio St. 417, 418; *Sutton v. Clarke*, 6 Taunt. 44; *Joliet v. Harwood*, 86 Ill. 110–116; *Farrand v. Marshall*, 19 Barb. 381–385; *Selden v. Canal Co.*, 24 Barb. 363–364; *Fletcher v. Rylands*, L. R. 3 H. L. Cas. 330; *Wilson v. New Bedford*, 108 Mass. 261–266; *Shipley v. Fifty Associates*, 106 Mass. 194–200; *Ball v. Nye*, 99 Mass. 582–584; *Cahill v. Eastman*, 18 Minn. 324; S. C., 10 Am. Rep. 184–200.)

The plaintiff, being in possession as the sole devisee under her husband's will and the owner in fee, was entitled to recover as damages a sufficient sum of money to restore her dwelling-house, as far as practicable, to the

condition in which it had been prior to the injury inflicted by the defendant's acts. (2 Waterman on Trespass, sec. 1093.) We think, however, that the judgment was excessive, being for $131.25 more than the verdict of the jury, and therefore should be modified, so as to have judgment rendered for the plaintiff for the sum of $7,500 and costs.

The case should therefore be remanded to the court below, with directions to modify its judgment in accordance with the views we have herein expressed.

BELCHER, C. C., and SEARLS, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the order denying defendant's motion for a new trial is affirmed, and the cause is remanded to the court below with directions to modify the judgment by striking out the damages thereby awarded and inserting instead thereof the sum of seven thousand five hundred dollars. In other respects the judgment is affirmed.