JOHN ANDERSON *vs.* JOSEPH TODESCA.

Suffolk.   November 21, 1912. — February 27, 1913.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Conversion.   Husband and Wife.   Agency,* Existence of relation.

The husband of the owner of certain unimproved land, from which loam has been taken wrongfully and converted, has no right of action for conversion against the wrongdoer, although at the time of the wrongful act the wrongdoer was upon the premises by reason of a contract between him and the husband for certain digging, grading and masonry work, and the husband during the progress of the work was constantly about the premises, such acts of the husband being done as the agent of his wife and not giving him any rights of property or of possession in the premises.

TORT for the alleged conversion of loam.   Writ in the Municipal Court of the City of Boston dated October 1, 1910.

On appeal to the Superior Court the case was tried before *Hitchcock, J.*

It appeared that the loam in question was taken from a lot of unimproved land in that part of Boston called Roslindale, which belonged to the plaintiff's wife.   The plaintiff lived in another part of the city.   It appeared that the plaintiff made with the defendant contracts for the digging of a cellar upon the lot and for masonry and grading work, and that the defendant was instructed to save all the loam.   There was evidence that the plaintiff was constantly about when the work was going on.   There also was evidence that the defendant carried away and converted some of the loam.

At the close of the evidence, the judge ruled that the plaintiff could not maintain the action and ordered a verdict for the defendant; and the plaintiff alleged exceptions.

The case was submitted on briefs.

*S. M. Bolster & P. G. Bolster,* for the plaintiff.

*C. H. Cronin,* for the defendant.

BRALEY, J.   The present case is not like *Sweetland* v. *Stetson,* 115 Mass. 49, where the plaintiff, being in possession, sued in tort for trespass and, although neither party proved title to the

close, the action was maintained. It was undisputed that the plaintiff's wife owned the land in fee, and the loads of soil, alleged to have been wrongfully taken away by the defendant, became upon severance personal property, for the conversion of which an action will lie. *Stanley* v. *Gaylord,* 1 Cush. 536. *Riley* v. *Boston Water Power Co.* 11 Cush. 11. *Phillips* v. *Bowers,* 7 Gray, 21.

But even if the plaintiff in his own name contracted with the defendant to build a cellar and perform other work preparatory to the erection of a house, he acted as the agent of his wife in the management and improvement of the land (*Simes* v. *Rockwell,* 156 Mass. 372), and acquired no independent possession of or title to the premises. Nor did the right to damages arising from the transmutation from realty to personalty, but which wrought no change in the ownership, charge the plaintiff with any enforceable duty or liability to his wife either at law or in equity. *Atkins* v. *Atkins,* 195 Mass. 124, 128. The ruling that the plaintiff could not maintain the action was right.

*Exceptions overruled.*