This is an appeal from the Circuit Court of Adams County which upheld a $4800 county court judgment in favor of appellees for damages to a water well located on land they had purchased subject to appellant's oil and gas lease. This judgment must be reversed because of the failure of the landowners to allege and prove any negligence on the part of the lessee.
Appellees contend that appellant detonated a large quantity of explosives in its oil well located on appellee's property 507 feet northeast of appellees' water well, thereby causing the water well to fill with sand and go dry. Appellant denies knowledge or responsibility for any explosion whatsoever of this character in or around its oil well, and it produced testimony of a prior owner of the land to show the water well pumped sand before the alleged incident.
The only proof relative to an explosion that possibly could have affected appellees' water well was the testimony of appellee Corley and his son. They testified that they were unloading corn at a barn located between the water well and the oil well and heard what they thought was an explosion. They said it shook the ground and sounded like it came from the direction of the oil well. Corley said they went to the well where several men were working and asked someone what had happened, and that the person answered, "We blew the well." It was the theory of the appellees that appellant caused an explosion at about 600 feet below the surface in the same strata in which appellees' water well was bottomed. The basis of this theory is that when the casing was subsequently pulled from the oil well it showed evidence of damage which appellees thought was caused by an explosion.
Appellant admits that at the time appellees claim an explosion occurred, it was reworking its oil well, trying to make it produce from a different sand. In order to do this work it was necessary to seal off perforations in the casing through which the well had been producing and to perforate at two other levels, both of which were more than 6000 feet below the surface. Appellant employed Halliburton Company to do this sealing work and Lane-Wells Company to do the perforation. Appellees first filed suit against Halliburton Company charging it with doing the damage. Then this suit was filed against appellant and Lane-Wells Company. After Lane answered interrogatories propounded by appellees showing that it did the perforation work more than 6000 feet below the surface, appellees took a nonsuit as to it. Appellees do not contend that the perforation work caused the damage, but contend that there was an explosion at the 600-foot level.
Among numerous assignments of error is the proposition of appellant that the circuit court erred in holding appellant absolutely liable for the alleged damage in the absence of any proof of negligence. The trial court allowed the case to go to the jury on the theory of absolute liability, and refused appellant's requested instructions which would have required the jury to find appellant guilty of negligence before holding it liable for any damages.
Appellees rely upon the case of Central Exploration Company v. Gray, 219 Miss. 757, 70 So.2d 33 (1954). This case involved an explosion of dynamite on land adjoining Gray's property. This Court held that under the facts of that case the imposition of absolute liability was proper; however, Gray is clearly distinguishable on the facts from the case involved on this appeal. *Page 246 
Appellant was owner of valid oil and gas leases covering appellees' property. These leases were executed many years before appellees purchased the land. Such purchase in 1963 was made subject to the leases and subject to appellant's right and duty to produce the minerals. Appellant therefore had a right to be on the land and to conduct its operation.
To hold appellant liable for damage to the water well appellees should have alleged negligence and offered proof thereof. Instead, appellees' declaration charged that appellant was absolutely liable irrespective of negligence. As owner of an oil and gas lease, appellant had a right to conduct its operations.
Even assuming appellant's operation did cause the alleged damage, appellant still would not be absolutely liable if its operations were conducted in a careful and prudent manner.
 Where an oil and gas lessee's use of the surface of the leased premises allegedly causes injury to the land, buildings, improvements, crops, livestock or other property of the lessor or surface owner, in the absence of an express provision of the lease permitting or prohibiting the acts complained of, or of a statute prohibiting them, the lessee's liability depends upon whether such acts were reasonably necessary in the drilling for and production of oil and gas from the land. 4 Summers, Oil and Gas § 652 at 20 (1958).
In Union Producing Company v. Pittman, 245 Miss. 427,146 So.2d 553 (1962), this Court held lessees liable to a surface owner for damages, but noted that lessee would not be liable unless such damages were caused by negligence or an unreasonable use of the premises. Plaintiff had sued contending the defendant used more of the surface than was necessary in conducting its drilling operations. This Court held the question of reasonableness was for the jury, and further stated the mineral lessee was entitled to use all customary methods in producing the minerals without any liability to the surface owner for damages, unless these damages were caused by negligence.
As was pointed out in Sun Oil Company v. Nunnery, 251 Miss. 631, 170 So.2d 24 (1964), the lessee has a right to do whatever is reasonably necessary to develop the land without liability for the resulting damage. There the Court said:
 Although this is a negligence action, the case grows out of the relationship of lessor and lessee and whether (lessee) was negligent is measured by the external standard of the prudent operator which this Court recognizes as the broad standard in cases of this kind. (251 Miss. at 645, 170 So.2d at 31).
In addition to proof of appellant's negligence, appellees would have been required to show causal connection between the claimed explosion and the alleged injury to the water well. However, it is not necessary for us to determine whether the proof on behalf of appellees was sufficient to show a causal connection between the alleged explosion and the alleged damage to appellees' water well, for the reason that the trial court should have granted appellant's motion for a peremptory instruction. It was incumbent upon appellees to allege and prove negligence, which they failed to do.
We hold that appellant was rightfully upon the land as lessee and as such had the right to do any and all things necessary and proper to carry out the purposes of its lease, and that it cannot be held liable for the alleged damage in the absence of an allegation and proof of negligence on its part, such negligence to be measured by the broad standard of the prudent operator. *Page 247 
For the reasons stated this case is reversed and judgment will be entered here for appellant.
Reversed and judgment here for appellant.
GILLESPIE, P.J., and JONES, BRADY and ROBERTSON, JJ., concur.