IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-60266
Summary Calendar
_____


JOHN PALMER; U L PALMER, SR,

                    Plaintiffs-Appellants,

     v.

PALMER PETROLEUM INC,

                    Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
(2:96-CV-157)
_____
November 24, 1997
Before KING, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

     Plaintiffs-appellants U.L. Palmer and John Palmer appeal the

district court's grant of summary judgment in favor of defendant-

appellee Palmer Petroleum, Inc.  Finding that there is no genuine

issue of material fact with regard to Palmer Petroleum's

liability to John and U.L. Palmer, we affirm the judgment of the

district court.

_____

     [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

# I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs-appellants John Palmer and U.L. Palmer (collectively, "Plaintiffs") are the surface estate owners of real property located in Greene County, Mississippi. Defendant-appellee Palmer Petroleum, Inc. leases the minerals underlying the surface. Plaintiffs have no interest whatsoever in the mineral estate. Palmer Petroleum hired T.K. Stanley, Inc., an independent contractor, to construct a drill site on the Greene County property. When T.K. Stanley began building the drill site, U.L. Palmer was one of its employees, and he participated in the work that T.K. Stanley performed for Palmer Petroleum. T.K. Stanley later terminated U.L. Palmer's employment.

Thereafter, Plaintiffs each filed suit in state court alleging that Palmer Petroleum unlawfully damaged his real property by destroying approximately three acres of land and the timber that was growing on that land. In addition, U.L. Palmer claimed that Palmer Petroleum tortiously interfered with his employment contract with T.K. Stanley and thereby caused them to terminate his employment. The suits were subsequently consolidated by agreement of the parties, and Palmer Petroleum then removed the action to federal court on the basis of diversity of citizenship. After some pre-trial discovery, Palmer Petroleum moved for, and the district court granted, summary judgment as to both issues. Plaintiffs, now appearing pro se,

2

appeal the district court's judgment.[1]

In response, Palmer Petroleum argues that the district court's determination that there is no genuine issue of material fact should be affirmed. In addition, Palmer Petroleum has moved for dismissal of this appeal and for sanctions pursuant to Federal Rule of Appellate Procedure 38, arguing that the appeal is frivolous.

## II.   STANDARD OF REVIEW

We review a grant of summary judgment de novo, applying the same criteria that the district court used in the first instance. Kemp v. G.D. Searle & Co., 103 F.3d 405, 407 (5th Cir. 1997). We consult the applicable law in order to ascertain the material factual issues, and we then review the evidence bearing on those issues, viewing the facts and inferences to be drawn therefrom in the light most favorable to the nonmovant. King v. Chide, 974 F.2d 653, 656 (5th Cir. 1992). Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).

Where the moving party has met its burden of proving that no genuine issue of material fact exists, the "nonmovant must go

---

[1]     Plaintiffs were represented by counsel in the district court, but have chosen to pursue this appeal pro se.

3

beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). This burden cannot be met by mere allegations or denials, but requires that the nonmovant submit additional evidence or refer specifically to evidence in the record indicating that a genuine issue of material fact exists. Reese v. Anderson, 926 F.2d 494, 498 (5th Cir. 1991).

### III. DISCUSSION

#### A. Scope of Review

Plaintiffs argue that the district court erred in refusing to recognize the materials and witnesses that would have been produced at trial. In support of their argument, Plaintiffs have attached to their appellate brief various exhibits, several unsworn affidavits, and portions of deposition testimony. "This court's inquiry is limited to the summary judgment record before the trial court: the parties cannot add exhibits, depositions, or affidavits to support their positions on appeal, nor may the parties advance new theories or raise new issues to secure reversal." Topalian v. Ehrman, 954 F.2d 1125, 1131-32 n.10 (5th Cir. 1992). Thus, as the evidence now offered by Plaintiffs was not presented to the district court, we will not consider it on appeal.[2]

---

[2] Plaintiffs also complain that the state court erred by consolidating the two original suits and thereby raising the total amount in controversy enough to allow Palmer Petroleum to

4

***B.  Opportunity to Be Heard***

Plaintiffs further complain that the district court erred by deciding the summary judgment motion outside of their presence. This argument lacks merit.  This court has stated that "while Rule 56(c) contemplates notice to an adverse party and a 'hearing' before the court rules on a summary judgment motion, the 'hearing' need not be one in which the court receives oral argument."  Barker v. Norman, 651 F.2d 1107, 1119 (5th Cir. Unit A July 1981).  Although Plaintiffs appear pro se on appeal, they were represented by counsel in the court below, and the record contains their Response to Motion for Summary Judgment and their attached exhibits.  Moreover, there is no indication in the record that Plaintiffs even requested oral argument.  We therefore conclude that the district court provided Plaintiffs adequate opportunity to be heard on the summary judgment motion.

***C.  Damage to Property***

Plaintiffs next argue that Palmer Petroleum used their land without compensation and is liable for the timber that was destroyed due to the construction of the drill site.  The

---

remove the case to federal court based on diversity of citizenship.  As Plaintiffs both consented to the state court's consolidation and failed to contest the consolidation in the federal district court, this issue is not cognizable on appeal. Topalian, 954 F.2d at 1131-32 n.10 (holding that appellant may not raise issues on appeal that were not presented to the district court); 10 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2716, at 651-54 (1983 & Supp. 1997).

district court found that Palmer Petroleum was entitled to conduct its operations on the land by virtue of its lease of the mineral estate and was not liable to the surface estate owners as long as its actions were not negligent.[3]  Cities Serv. Oil Co. v. Corley, 197 So. 2d 244, 246 (Miss. 1967) (holding that a mineral lessee was not liable for damage to the surface as long as its "operations were conducted in a careful and prudent manner").

The district court found that the parties did not dispute that the actual damage to the property was caused by T.K. Stanley, an independent contractor that Palmer Petroleum hired to construct the drill site.  The district court therefore determined that summary judgment was appropriate because under Mississippi law, "[n]o vicarious liability for acts of an independent contractor exists."  McKee v. Brimmer, 872 F. Supp. 1536, 1540 (N.D. Miss. 1973).

Having reviewed the evidence in the record that relates to this issue, we are persuaded that the district court was correct in its determination that no genuine issue of material fact exists.  In support of its motion for summary judgment, Palmer

---

[3]     The district court noted that while Plaintiffs were only entitled to damages if their property was damaged due to Palmer Petroleum's negligence or unreasonable use of the premises, Cities Service Oil Co. v. Corley, 197 So. 2d 244, 246 (Miss. 1967), they failed to allege such negligence.  For purposes of its consideration of the motion for summary judgment, however, the court assumed that Plaintiffs had alleged that their property was damaged as a result of Palmer Petroleum's negligence.

Petroleum presented the affidavits of its Field Supervisor (who hired T.K. Stanley) and of the President of T.K. Stanley, both of which support the assertion that T.K. Stanley was an independent contractor. Plaintiffs presented no evidence to refute this assertion and do not even address it in their briefs; their only argument in support of their claim is that Palmer Petroleum was at all times the operator of the site and was therefore responsible for the damage. Because Plaintiffs have failed to raise a genuine issue of material fact regarding Palmer Petroleum's liability, we conclude that the district court's grant of summary judgment on this issue was proper.

## D. *Tortious Interference with Contract*

Plaintiff U.L. Palmer next contends that the district court erred in granting summary judgment for Palmer Petroleum on his tortious interference with contract claim. Palmer Petroleum responds that U.L. Palmer was an at-will employee of T.K. Stanley and thus was not a party to an employment contract. It therefore argues that it could not have tortiously interfered with a non-existent contract.

In order to establish tortious interference with contract under Mississippi law, a plaintiff must prove the following elements:

     1) that the acts were intentional and willful;
     2) that they were calculated to cause damage to the
        plaintiffs in their lawful business;
     3) that they were done with the unlawful purpose of

7

> causing damage and loss, without right or
> justifiable cause on the part of the defendant
> (which constitutes malice); and
> 4) that actual damage and loss resulted.

Galloway v. Travelers Ins. Co., 515 So. 2d 678, 682-83 (Miss. 1987).  Under Mississippi law, where no employment contract exists between an employer and an employee, the employment is purely at-will and therefore may be terminated by either party at any time for any reason.  Solomon v. Walgreen Co., 975 F.2d 1086, 1089 (5th Cir. 1992).

Plaintiff U.L. Palmer admitted in his deposition that he had no employment contract with T.K. Stanley.  It is therefore undisputed that under Mississippi law he was an at-will employee. Our research has not uncovered any Mississippi cases directly addressing whether there is a cause of action for tortious interference with an at-will employment relationship, but "[t]he Mississippi Supreme Court has expressed extreme reluctance to recognize any exception to the harsh terminable at will doctrine."  Pinnix v. Babcock and Wilcox, Inc., 689 F. Supp. 634, 637 (N.D. Miss. 1988).  Moreover, the Mississippi Supreme Court has twice noted that "'numerous cases from other states recognize that there is no right of recovery on the part of a discharged employee against one said to have interfered with a contract terminable at will.'"  Vestal v. Oden, 500 So. 2d 954, 955 (Miss. 1986) (quoting Shaw v. Burchfield, 481 So. 2d 247, 254-55 (Miss. 1985)).  The Vestal court explained that courts in those states

have reasoned that "[w]here there has been no breach of contract, conceptualizing a tortious interference fails as a matter of elementary legal logic." Id. at 955. In addition, in Pinnix, the Eastern District of Mississippi addressed a similar situation, and stated that "[o]bviously, if no enforceable contract existed, then any interference with that contract would be immaterial and does not represent a genuine issue for trial." 689 F. Supp. at 637. We agree; summary judgment on this issue was therefore proper.

### E. Motion to Dismiss and Motion for Sanctions

Palmer Petroleum has moved to dismiss this appeal as frivolous and has requested that this court assess sanctions against Plaintiffs. This court may dismiss an appeal that is "frivolous and entirely without merit." 5TH CIR. R. 42.2. However, "[w]e do not lightly impose sanctions for invoking the right of appeal." Stelly v. Commissioner of Internal Revenue, 761 F.2d 1113, 1116 (5th Cir. 1985). In addition, we are mindful of the fact that Plaintiffs appear pro se on appeal.

This court has held that "[w]here pro se litigants are warned that their claims are frivolous, . . . and where they are aware of the ample legal authority holding squarely against them, then sanctions are appropriate." Id. In the instant case, Plaintiffs have not been warned previously about the frivolity of their claims, and their claims were not dismissed as frivolous by

9

the district court.  In addition, there is no evidence that Plaintiffs have pursued this appeal in bad faith or for purposes of harassment.  Thus, although Plaintiffs arguments on appeal are certainly meritless, we do not believe that they warrant sanctions or dismissal.

## IV.  CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.  Defendant-appellee's motions for dismissal of the appeal and for sanctions are DENIED.